AMOS C. BATES & SON *v.* MICHAEL QUINN.

*Practice.   Specification.   Over-payment.   Mistake.*

In an action of general assumpsit to recover money overpaid on settlement, it was proved that the defendant had money in his hands that in good conscience belonged to the plaintiff.  *Held,* that the plaintiff was entitled to recover, although the special ground upon which he claimed to establish the over-payment failed.

ASSUMPSIT in common counts.   Pleas, general issue, payment, accord and  satisfaction and offset.   Trial by court, March Term, 1882, VEAZEY, J., presiding.   Judgment for the plaintiffs.  Both parties filed specifications.   The  plaintiff, A. C. Bates, was the owner of a hotel in Rutland ; his son, H. M. Bates, carried on the hardware and saddlery business in a store under the hotel ; the defendant kept a livery stable.   No question was made but that the suit was properly brought·in the name of A. C. Bates & Son.   The exceptions stated :

" At the commencement of the trial, counsel explained, that the case would turn upon the right of the defendant to be paid for the boarding of the plaintiff's horse, which had been  charged and  allowed to the defendant in said settlement  of accounts, that  the  determination of  that  question  would depend upon the contract between the parties, and that the dispute was in respect to that contract.     *     *     *      Amos C. Bates testified that he made a contract  with the defendant as follows :    That the defendant was to board his, Amos C.'s horse, which he about that time purchased of the defendant, for use by him and his family, and was to furnish in addition what livery work Amos C. might want in carrying on the business of the hotel, and that this should be the consideration of his, Amos C.'s, turning the livery business of the house into the defendant's stable.

The defendant testified that he was to have $16 per month for boarding said horse, being a reduced price, his usual charges being $20 per month, but did not claim that the contract was different in other respects from what Bates claimed it.

Amos C. kept said hotel, in way above stated, about two and one-half years, and turned the livery business of the house into the defendant's stable, as he had agreed.   The defendant boarded Bates' horse and furnished other teams for him and his son as called upon.   In other words, both parties performed the contract, but they had a different understanding about the board of said horse.

4

Bates & Son *v.* Quinn.

A hostler of the defendant boarded at the Bates House, and the defendant had goods at said store which were charged to him.

After about two years the defendant took his account, including charges for boarding said horse; and made out against A. C. Bates & Son, into said store and had a settlement with said Harry M. Bates. The charges of the plaintiff firm included the board of said hostler in the hotel and the store account, etc. Harry M. did not know what the contract between his father and the defendant was about boarding said horse; but upon the defendant's representation that it was correctly charged in his account as he had agreed with his father, Harry M. settled accordingly, and, supposing it was all right, and the balance being against the plaintiffs, gave a firm check for such balance, and a receipt was given.

*   *   *

One species of evidence introduced by the plaintiffs, for the purpose of and tending to sustain the contract as they claimed it, was as follows:

That the defendant had entertainment at the hotel, viz.: meals, lodgings, cigars and drinks, very often, and which the defendant never paid for, but would make some remark indicating that the horse keeping covered it. The defendant admitted he had some entertainment of the kind named, but claimed that it was on the invitation of the plaintiffs and because of their intimacy and of his being a large indorser for them, or Amos C.

The court found that as there was no contract, in fact, agreed upon about the horse keeping, the defendant was entitled to charge a fair compensation for it, and that the price charged was fair; that Bates did not charge for said entertainment because he understood no charge was to be made for the horse keeping; *   *   *   *   that the value or fair charge for said entertainment which the defendant had at said hotel, and for which the plaintiffs, or A. C. Bates, had received no compensation, would be $75 per year; and the court rendered judgment for the plaintiffs, to recover for said entertainment at that rate, amounting, including interest, to $216.66. To this judgment the defendant excepted, counsel announcing it was on the ground that the plaintiffs' specifications filed did not cover or embrace any such claim, and made no such issue, and no attempt had been made to meet it.

The plaintiff's counsel thereupon moved for leave to amend their specifications, claiming that the case in this aspect had been fully tried.

The court overruled the motion to amend, with leave, however, to renew the motion if deemed necessary in the future progress of the cause, this court regarding the specifications as sufficient without amendment.

The specifications on neither side had been formally put in evidence, and they had not been read or shown to the court; and in rendering judgment the court had in mind only the form of the declaration and the scope of such an action in that form, and a proper application of the evidence, which was apparently different, as now claimed by the defendant, from what either party hoped or claimed from it on trial, and was made to work a different result from what was intended or anticipated from it."

*Prout & Walker*, for the defendant.

A bill of particulars "filed upon request and according to the rule of court" becomes part of the declaration, and operates as a limitation upon plaintiff's right of recovery. *Bank* v. *Lyman*, 20 Vt. 666 ; *Lapham* v. *Briggs*, 27 Vt. 26. The judgment for the "entertainment," including "drinks," was erroneous. *Graves* v. *Ranger*, 52 Vt. 504.

It is not material that the specifications were not formally produced or read. The only open issue was " as to the right of defendant to be paid for the boarding of the plaintiff's horse," which has been allowed in the two settlements; and this was distinctly explained to the court at the commencement of the trial.

The court, having decided that issue in favor of defendant, proceeded to cast him in damages *for something* which it occurred to them the plaintiffs might have charged for, but had not in fact claimed.

*Joel C. Baker*, for the plaintiff.

A specification effects the proof and the mode of trial only. *Commonwealth* v. *Davis*, 11 Pick. 432. Office of specification stated. *Bank* v. *Lyman*, 20 Vt. 666; *Lapham* v. *Briggs*, 27 Vt. 27; *Hodges* v. *R. & B. R. R. Co.*, 29 Vt. 220; *Williams* v. *Allen*, 7 Cow. 316; *Smith* v. *Hicks*, 5 Wend. 48; *Brown* v. *Williams*, 4 Wend. 360; *Canal Co.* v. *Knapp*, 9 Pet. 541.

If the evidence now objected to was inadmissible under the specifications, if objected to in season, yet if the evidence was given without objection, and the court see that justice was done, and that the plaintiff has not recovered more than he was justly entitled to, the amount will not be reduced nor a new trial be granted. This is the spirit of all the cases. *Dubois* v. *D. & H. Canal Co.*, 12 Wend. 334.

If no objection is made at the time the evidence is offered and received, it becomes too late to object, on the ground of a variance between the testimony and the specifications. The claim being of substantially the character described. *Phelps* v. *Conant*, 30 Vt. 277.

The practice in the County Court is to require counsel to specify particularly in what a variance consists, before passing upon the question. *Hill* v. *Marlboro*, 40 Vt. 648.

The opinion of the court was delivered by

POWERS, J. The plaintiffs sought to recover money overpaid the defendant on a settlement of mutual accounts.

Bates & Son *v.* Quinn.

To establish a right of recovery the plaintiff offered evidence of a special contract under which the keeping of the plaintiff's horse by the defendant and for which, in the settlement aforesaid, the defendant had received pay, was paid for by turning over to the defendant the livery business of the plaintiff's hotel.

The plaintiffs failed to establish this contract, and thus, so far as the consideration of that contract was involved, the defendant held the plaintiff's money received for the keep of the horse rightfully. The court found, however, that although the defendant was entitled to reasonable compensation for keeping the horse, still as he had had entertainment at the plaintiff's hotel for which no charge had been made in the expectation on the plaintiff's part that no charge for the horse keeping was to be made, the fair value of such entertainment should apply in extinguishment, *pro tanto*, of the charges for horse keeping, and allowed a recovery therefor. We think no error is apparent in this adjustment of the matter. The claim in essence was that the defendant had money in his hands that in good conscience belonged to the plaintiffs. Although the special ground upon which the plaintiffs claimed to establish this failed, still another valid ground on which to base the claim was disclosed by the evidence; and this gave ample warrant for the judgment that was rendered.

Judgment affirmed.