## CHARLES A. WILLIAMSON v. GUSTAVUS JOHNSON ET AL.

### *Gift in contemplation of marriage.    Amendment.*

1. Where the plaintiff, being under engagement to marry with the defendant, sent her money with which to buy her wedding outfit and bear her expenses to the place of marriage, he may recover these sums in an action of assumpsit, if she, without cause, refuses to fulfil her engagement.

2. The writ ran against both the defendants, describing them as husband and wife, but the declaration made no mention of the marital relation. *Held*, that an amended declaration might be filed, which set up that the defendant wife contracted the debt sued for while sole.

Action, general assumpsit.    Plea, the general issue.    Trial by court, at the May Term, 1889, VEAZEY, J., presiding.    Judgment for the defendant.    Exceptions by the plaintiff.

The court found the following facts:

"The plaintiff and Caroline F. Johnson entered into a marriage engagement at Minneapolis, in August, 1878, and she was to come to Vermont, where the plaintiff resided, to consummate the engagement, as soon as she could get ready to come. In view of this arrangement the plaintiff sent to her, from time to time, the several sums of money set forth in the plaintiff's specification, for the purpose of buying her wardrobe, to the extent of $275, in preparation for her marriage, it being left with her to write to him for any amounts needed for the purpose. She did write from time to time and stated the sum required to be $275.

"We further find that the plaintiff let her have the money sent by him without any expectation that it would be refunded; that he intended, when he sent the money, it should be a gift, to be used by her for the purpose named, to the amount of $275. He also sent her, in addition to that sum, $55, to be used by her in defraying her traveling expenses to Vermont for the purpose of being married according to their engagement, and she knew that the $55 were sent for that purpose.

"She used the $275 in buying clothes in preparation for marriage, pursuant to the foregoing arrangement.

" She did not come east to be married as agreed, but in November after broke the engagement entered into, and subsequently, in 1882, married the defendant Johnson.

" We do not find that she had any good and sufficient reason for breaking the engagement.

"She subsequently offered to send the clothes she had so bought to the plaintiff. In reply to said offer the plaintiff wrote her that he hoped she would reconsider the matter and come to him in fulfillment of their engagement.

" The plaintiff never requested her to return the money until this suit was brought.

" Plaintiff intended in like manner that the $55 should be a gift, to be used for her traveling expenses in coming east as above stated, but she never so used it.

"When she received and expended the money so sent to her as above stated she expected to marry the plaintiff.

" There were no conditions attached to the gift of the money, but it was given and received on the expectation of both parties that they were soon to be married. And was given to be used in the manner above stated."

The question as to the amendment appears in the head-note.

*Hunton & Stickney*, for the plaintiff.

The amendment brought onto the record no new parties or cause of action, and was properly allowed. *Skinner* v. *Grant*, 12 Vt. 456; *Bowman* v. *Stowell*, 21 Vt. 309; *Waterman* v. *Conn. & Pass. R. R. R. Co.*, 30 Vt. 610, 614; *Boyd* v. *Bartlett*, 36 Vt. 9; *Dana* v. *McClure*, 39 Vt. 197; *Myers and wife* v. *Lyon*, 51 Vt. 272; Roberts' Dig. p. 26 *et seq.*

The defendant wife received these sums in contemplation of, and for the purpose of carrying out her promise to marry the plaintiff. She refused to keep that promise. Hence she ought to refund the money, and may be compelled to do so in this form of action. Add. Con. s. 1411; Chit. Con. 738; *Tyson* v. *Doe*, 15 Vt. 571; *Towers* v. *Barrett*, 1 T. R. 133; 4 E. C. L. (1st series) 81; *Giles* v. *Edwards*, 7 T. R. 181; 10 E. C. L. 89; *Perkins* v. *Hait*, 11 Whart. 237 pl. 2; *Danforth* v. *Dewey*, 3 N. H. 79; *Siepel* v. *International Ins. & Trans Co.*, (3 Norris) 84 Penn. 47; *Cheongwo* v. *Jones*, 3 Wash. C. C. 359; *Ren-*

*sens* v. *Mexican National Construction Company*, 23 Blatchf. 19; *Weaver* v. *Aitcheson*, 32 N. W. Rep. 436.; 4 Am. Dig. 222.

No demand was necessary. *Lamphere* v. *Cowen*, 42 Vt. 175; *Graves* v. *Tichnor*, 6 N. H. 541; *Calais* v. *Whidden*, 64 Me. 249; *Stetson* v. *Howe*, 31 Me. 353; *Lyon* v. *Annable*, 4 Conn. 350, 351; *Dill* v. *Wareham*, 7 Met. 438; *Wiggin* v. *Foss*, 4 N. H. 294; *Farrand* v. *Hurlbut*, 7 Minn. 477; *Thompson* v. *Thompson*, 5 W. Va. 190, 193.

The gift was upon condition. 1 Barb. & Har. Eq. Dig. 560; *Attorney General* v. *Christ Hospital*, Tam. 393; 1 Fonbl. Eq. p. 439; 14 Vin. Abr. 19, Gift; 3 Black. Com. (352); 2 Chit. Eq. Dig. 1262; *Robinson* v. *Cumming*, 2 Atk. 409.

*J. B. Phelps* and *W. E. Johnson*, for the defendant.

The amendment was improperly allowed. The new declaration presented an entirely new state of facts. *Brodek* v. *Hirschfield*, 57 Vt. 12.

The court finds that the plaintiff intended these sums of money as " gifts " to the defendant. When a gift has once been fully perfected, the donor cannot afterwards change his mind and revoke it. *McKane* v. *Bonner*, 1 Bai. 113; *Doty* v. *Wilson*, 47 N. Y. 580; *Gray* v. *Barton*, 55 N. Y. 68; *Betts* v. *Francis*, 30 N. J. L. 152; *Minor* v. *Rogers*, 40 Conn. 512.

The opinion of the court was delivered by

TYLER, J. It is a general rule of law that a gift by a competent party, made perfect by a delivery and acceptance, is irrevocable by the donor; that to constitute a gift *inter vivos*, the donor must deliver the property and part with all present and future dominion over it. It is a voluntary, gratuitous transfer of personal property by one person to another. A true and proper gift or grant is always accompanied by delivery of possession, and takes effect immediately; as if A gives to B 100 pounds or a flock of sheep and puts him in possession of them directly, it is then a gift executed in the donee, and it is not in the donor's

power to retract · it, though he did it without any consideration or recompense, unless he were under a legal incapacity, as infancy, coverture, duress or the like, or if he were drawn in, circumvented or imposed upon by false pretenses, ebriety or surprise. 2 Black. Com. 577.

In accordance with this rule it was held in *Strauford* v. *Morgan*, 39 La. 632 (2 So. Rep. 98), that a donation by a man to his intended wife, on the eve of their marriage, of a check on a banking firm was revocable at any time before actual collection by the donee; but after it had been presented and honored by placing the amount to her individual credit the donation was complete; that the *locus penitentiæ* continued until the delivery was perfected. In the note to *Drew* v. *Hagerty*, 3 L. R. A. 230 (Me.), it is said that in order to render a gift of money by a grandmother to certain children and their father as their trustee effectual for any purpose it is not only necessary to show an intention to give, but also an actual delivery of the thing given; there must be a parting with the possession and all control over the property and a vesting of the possession in the donee or in a third person in trust for the donee.

A gift of personal property made with intent to take effect immediately and irrevocably and executed by complete and unconditional delivery, is binding upon the donor as a gift *inter vivos*. *Love* v. *Francis*, 6 Am. St. Rep. 290 and note. See also, *in re Crawford*, 5 L. R. A. 71 (113 N. Y.)

All the definitions come to this: That to constitute a valid gift it must be voluntary, gratuitous and absolute. · Applying these tests to the facts relative to the gift of the $55, it is apparent that they fall short of showing a perfected gift of that money in the donee. The court below found the facts that the plaintiff let the defendant Caroline have both sums of money without any expectation that they would be refunded, which was certainly quite natural in the circumstances of the case; that both sums were intended as gifts and that no conditions were attached thereto. It is further found that the gifts were made in the expectation by both parties of marriage, and that they

(25)

were given for specific purposes, the $275 for the purchase of the defendant's marriage wardrobe, and the $55 to defray her expenses in coming to this State to be married.

The court would have fully complied with the requirements of the act of 1888 if it had stated the facts in the case without denominating the transaction. That act requires that "in all cases hereafter tried in the County Court, where any question of fact shall be tried by the court instead of by a jury, and in which a jury trial might have been had by either party, before any bill of exceptions shall be allowed the facts found by the court, upon which judgment is rendered, shall be reduced to writing and signed by a majority of the members of the court and filed with the clerk." * * * If the plaintiff had given or sent these sums of money to the defendant without any direction or designation as to their use, as gratuities, they would have been perfected, irrevocable gifts upon delivery. In a general way they were gifts, but in a strict legal sense they were not gifts, though called so by the court, for the reason that they were made in expectation and under an arrangement that they were for specific purposes. The law is well settled that where money is delivered by one person to another for a particular purpose, to which the latter refuses to apply it, the depositor may recover it back in an action for money had and received. 2 Greenl. Ev. s. 119 ; *DeBarnales* v. *Fuller*, 14 East. 590, note.

In a valuable note to *Hassar* v. *Wallis*, 1 Salk. 28, it is said : "If one man takes another's money to do a thing, and refuses to do it, it is a fraud ; and it is at the election of the party injured either to affirm the agreement by bringing an action for the non-performance of it, or to disaffirm the agreement *ab initio*, by reason of the fraud, and bring an action for money had and received to his use."

In *Berry* v. *Berry*, 31 Ia. 415, a father gave to his son certain personal property upon the condition that he should keep sober and attend to his business. It was held that to entitle the donee to claim that the gift was irrevocable and invested him with a right to the property, it must be shown that he had com-

plied with the conditions on which the gift was made; and in *Stewart* v. *Phy*, 11 Oreg. 335, it was held that assumpsit for money had and received would lie to recover money paid by a debtor to his creditor to be applied in satisfaction of a particular obligation, when it was not so applied and the obligation was otherwise discharged.

Several English cases cited by the plaintiff's counsel go beyond the rule above indicated and hold that marriage gifts or their value are generally recoverable of the donee after breach of the engagement by her. In Fonb. Eq., s. 15, it is said: " But that which helps us most in the finding out the true meaning is the reason or cause which moved the will. And this is of the greatest force when it evidently appears that some one reason was the only motive that the parties went upon, which is no less frequent in laws than in facts. And here that common saying takes place, *that the reason ceasing, the law itself ceases.* So a present made in prospect of marriage may be revoked and demanded back if the marriage does not take effect, especially if it sticks on that side to whom the present is made."

" A made a present of a jewel to a lady whom he courted, but the marriage not taking effect, he brought an action of detinue against her, and she, taking it to be a gift, offered to wage her law, but the court was of the opinion that the property was not changed by this gift, being to a specifical intent, and therefore would not admit her to do it." 14 Vin. Abr., title gift, pl. 7.

The case of *Young* v. *Burrell et ux.*, Cary, 77, is as follows:

" The defendant confesseth by her answer the having of a tablet or pomander in gold, demanded by the plaintant; and as to the twenty pounds, likewise demanded by the plaintant, by him left with the said defendant as a token, at such time as he was a suitor for marriage to the defendant, she confesseth the same was left with her against her will, and she delivered the same over unto one Sydole, her brother, who was a dealer with her on the plaintant's behalf, to the end he should deliver the same over to the plaintant. It is ordered that the tablet be forthwith delivered by the defendant to the plaintant, which was done presently in court; and as to the twenty pounds the plaintant shall call in the said Sydole by process."

In *Robinson* v. *Cummings*, 2 Atk. 409, Lord Chancellor Hardwicke laid down the rule, " that if a person has made his addresses to a lady for some time upon a view of marriage, and, upon reasonable expectation of success, makes presents to a considerable value, and she thinks proper to deceive him afterwards, it is very right that the presents themselves should be returned or the value of them allowed to him; but where presents are made only to introduce a person to a woman's acquaintance and by means thereof to gain her favor, I look upon such person only in the light of an adventurer." See also 1 Com. Dig. 313.

The case of *Griggs* v. *Austin*, 3 Pick. 20, bears upon the same rule of law. There freight had been paid in advance upon an agreement for the carriage of goods from Boston to Liverpool, and the goods were not delivered in consequence of the vessel being stranded. The court said: "It is certainly a clear principle of the common law that when money is paid or a promise made by one party, in contemplation of some act to be done by the other, which is the sole consideration of the payment or promise, and the thing stipulated to be done is not performed, the money may be recovered back or the promise founded upon such consideration may be avoided between the parties to the contract. This general principle is the foundation of perhaps the largest class of cases which have been sustained under the action for money had and received."

The $275 stands differently from the $55 in this respect, that it was *literally* applied to the purpose for which it was given; yet it stands precisely like the $55 in that it was to be applied by the defendant towards the consummation of the marriage engagement. She received both sums for a specific purpose, and when she broke the engagement the law raised a promise on her part to refund them. The plaintiff did not give them to her " as an adventurer," to help him win her favor, but in consideration of the engagement and to enable her to perform it. When she broke it he was entitled to have his money refunded. We hold that the gifts were not absolute, but conditional, and

that when the condition failed a right of action accrued to the plaintiff to recover the money. That it may be recovered in assumpsit for money had and received is well established in *Wiseman* v. *Lyman*, 7 Mass. 288 ; *Calais* v. *Whidden*, 64 Me. 249 ; and *Bates & Son* v. *Quinn*, 56 Vt. 49. This action lies whenever one person has money in his hands which *æquo et bono* belongs to another. *Barnett* v. *Warren*, 82 Ala. 557 (2 So. 457.)

The amendment brought no new party and no new cause of action into the suit, and was therefore properly allowed. *Myers and wife* v. *Lyon & Co.*, 51 Vt. 272.

*Judgment reversed and judgment for the plaintiff for both sums and interest from Nov. 30, 1878.*