Ruehling, Appellant, *v.* Hornung.

Argued October 14, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Fred W. Breitinger,* for appellant.—Where, in consideration and contemplation of marriage, gifts, including an engagement ring, are given, without an express condition, the donee is bound to return them after she breaks the engagement: Antaramian v. Ourakian, 194 N. Y. S. 100; Williamson v. Johnson, 62 Vermont 378.

*J. G. Roper,* of *Roper & Caldwell,* for appellee.

OPINION BY GAWTHROP, J., February 28, 1930:

This is an action in replevin brought October 15, 1925, to recover three articles of jewelry, an engagement ring, a wrist watch and a medallion, valued at $1,700, the ownership and right of possession of which plaintiff claims to be in him. In his statement of claim he averred that Miss Hornung orally agreed to marry him; that in consequence of, and relying upon, this promise he purchased the diamond engagement ring valued at $800 and presented it to her on or about April 17, 1924; that later in the year 1924 he presented the diamond wrist watch and the medallion to her; that she without cause, repudiated her contract to marry him and still refuses to marry him; and that she refused to return the articles of jewelry mentioned above, which were presented to her upon the condition that she would subsequently marry him. April 14, 1926, she filed an affidavit of defense denying that she ever agreed to marry plaintiff, admitting that he gave to her the articles of jewelry mentioned above, but averring that they were given to her absolutely and unconditionally and with knowledge that she had on numerous occasions refused to entertain his proposal of marriage. She died September 18, 1927, before the

trial, and the action was continued against the executrix of her estate. At the trial counsel for the respective parties stipulated and agreed as follows: that on April 17, 1924, plaintiff presented to Miss Hornung, and she accepted, the diamond ring, and that later in the same year he presented to her, and she accepted, the wrist watch and the medallion. The only witness called was a manufacturing jeweler who knew the parties. He testified to this effect: The parties came into his store together in April, 1924, and selected the mounting for the engagement ring. He procured the stone and mounted it. A few days later they examined the ring and plaintiff paid for it and handed it to her. A few days later she came back and had the ring marked as an engagement ring, with the initials of plaintiff and herself and the date of the engagement, April 17, 1924. About three months after that she came back again and asked him ''to file the engraving out again, about three months after he had given her the ring.'' The witness said that he knew nothing about the wrist watch, but that he made the medallion, which was presented by plaintiff to her on Christmas Day in 1924; that she furnished some of the diamonds for it and plaintiff furnished the others. He continued: ''Shortly after that they both came to me with their troubles. Miss Hornung called me up the most of the time. She began to tell me that she did not care much for Mr. Ruehling any more and that the engagement was as good as broken. She never gave me the reason why. Many times I asked why and tried to get them together again, but she would never give me a reason. She told me she didn't care for Mr. Ruehling any more and didn't want anything to do with him.'' He testified further that three or four weeks before she died Miss Hornung sent for him and ''wanted to give me this jewelry to give to Mr. Ruehling about two weeks before she died,'' but he refused to accept the jewelry from her or to undertake to deliver it to plaintiff. At

the close of the testimony a nonsuit was entered and from the dismissal of the motion to take off the nonsuit plaintiff has appealed.

The evidence would sustain a finding by a jury that an engagement of marriage existed between the parties; that in contemplation of marriage he gave her the engagement ring and the other two articles; that subsequently the engagement was broken; and that she then failed to return any of the jewelry to him. There was no proof that she broke the engagement, or that any of the gifts were made upon the expressed condition that they would be returned by her to him if she failed to marry him.

The contention of appellant is that gifts to a person to whom the donor is engaged to be married, made in contemplation of marriage, are conditional; and that if the donee breaks the engagement the gifts or their value may be recovered by the donor.

We find no case in this State directly bearing on this question, but in 28 C. J. 651, the law is stated thus: "A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor. But if the gift is made simply for the purpose of introducing the donor to the donee's acquaintance and to gain her favor, the property is not recoverable, although marriage does not ensue. So where a Christmas present is made by a man to his fiancée it becomes her property and the subsequent breaking of the engagement does not entitle him to recover it back."

Thornton on Gifts and Advancements 94, states the law as follows: "If the intended husband makes a present after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the gift is the act of her promise to marry him, if she

break off the engagement he may recover from her the value of such present.''

In Williamson v. Johnson, 62 Vt. 378, 20 Atl. 279, it was held that a plaintiff, who was engaged to defendant and sent her money with which to buy her wedding outfit and bear her expenses to the place of marriage, might recover these sums in an action of assumpsit if she, without cause, refused to fulfill the engagement.

In Seiler v. Funk, 7 Ont. W. N. 179, it was held that where gifts are made in contemplation of marriage and the engagement is broken off for cause, personal gifts may be retained, but not money, nor articles for the intended home.

In Lunsden v. Arbaugh, 227 S. W. 868 (Mo.), plaintiff was permitted to recover a piano which he gave to his financée while they were engaged to be married, and she thereafter broke the engagement.

In Antaramian v. Ourakian, 194 N. Y. Supp. 100, plaintiff was permitted to recover jewelry, furs and money given to his fiancée in reliance upon her promise to marry which she broke.

In Rosenberg v. Lewis, 210 App. Div. (N. Y.) 690, the plaintiff sought to recover articles of jewelry which he gave to his fiancée subsequent to their engagement to marry. The court held that the statement of the cause of action was insufficient because of the failure to allege facts to show that there was an understanding between the parties that the jewelry was given upon the express condition that it was to be returned in case the donee failed to marry plaintiff, and stated that ''gifts of the kind referred to may be conditionally made, but to state a cause of action for their recovery the complainant must allege facts to show that there was an understanding that they were so presented to the donee.''

It will be observed that in each of the cases above cited, in which the court permitted a recovery of the

540

property by the donor, there was a breach of the promise of marriage by the donee. In the case at bar no such breach was proved. It does not appear whether the engagement was broken by plaintiff or whether it was dissolved by mutual consent. It follows that in order to permit a recovery by plaintiff, it would be necessary to hold that the gifts were subject to the implied condition that they would be returned by the donee to the donor whenever the engagement was dissolved. Under such a rule the marriage would be a necessary prerequisite to the passing of an absolute title to a Christmas gift made in such circumstances. We are unwilling to go that far, except as to the engagement ring. Such a ring is given as a pledge or symbol of the contract to marry. We think that it is always given subject to the implied condition that if the marriage does not take place either because of the death, or a disability recognized by the law on the part of, either party, or by breach of the contract by the donee, or its dissolution by mutual consent, the gift shall be returned. It only becomes the absolute property of the recipient if the marriage takes place. Good sense usually secures the return of the ring. The English cases seem to be in harmony on this question. See Cohen v. Sellar, 1 K. B. 536 (1926); and Jacob v. Davis, 1 K. B. 532 (1917). Our conclusion is that plaintiff's evidence in respect to the engagement ring was sufficient to take the case to the jury. As to the other articles involved the evidence was insufficient.

The compulsory nonsuit should not have been granted. The judgment is reversed and a new trial is granted.