EMIL BEER, Plaintiff, *v.* JEANETTE HART, Defendant.

Municipal Court of New York, Borough of Queens, Sixth District,
October 17, 1934.

*S. Stanley Kreutzer* [*Martin H. Selman* of counsel], for the plaintiff.

*Irwin R. Browner,* for the defendant.

KEITH, J. Upon the trial I found as a fact that the engagement was not breached by the defendant. The evidence conclusively shows that if there was any reason for the failure of the parties to the engagement to marry, such failure was due to the lack of interest displayed by the plaintiff. The defendant testified in open court that she was even now ready and prepared to marry the plaintiff and had at all times been willing to do so.

Notwithstanding that the defendant did not breach the engagement, as found by the court, the plaintiff still urges that he · is entitled to recover in that the parties failed to marry regardless of the reason for such failure. He contends that the very purpose of the giving of an engagement ring is to show the world that the parties to the engagement have plighted their troth. An engagement ring, to effect and carry out the purpose for which it is given, must be worn. Plaintiff argues that if it be worn after the engagement be broken, then the public is being deceived as to the true situation between the parties to the engagement, as the donee of the ring would be representing to the world that the donor was still obligated to marry her.

While there may be a certain amount of logic in the plaintiff's argument, nevertheless the law in this State would seem to require a decision in favor of the defendant. While Mr. Justice SHERMAN in the case of *Beck* v. *Cohen* (237 App. Div. 729, 730) uses the following language, " such a ring is a symbol hallowed by social usage. That it is a conditional gift seems inherent in its very

purpose. Possession should be retained during the engagement, which it symbolizes, and is changed into firm ownership upon marriage. When the engagement fails, the symbol of its existence should be returned to him who gave it," this language is not decisive of the decision, as will be evident by reading the language of the court in regard to the motion to strike out the affirmative defense and counterclaim on page 733, which is as follows: " Inasmuch as the complaint is sufficient on its face, plaintiff becomes entitled to the determination of his motion to strike out the affirmative defense and counterclaim. It seems clear that if the engagement ring was delivered to the defendant as a token of a promise of marriage induced by fraud, which the defendant had the right to repudiate upon discovery of the plaintiff's fraudulent purpose, he should not be permitted to reclaim his gift, for he is the one whose conduct prevented the marriage and her refusal to perform the engagement would be justified. The gift being conditional, the donor would, by his conduct have rendered it impossible for the condition to be performed, and, therefore, not be entitled to recover the ring. This is the basis of the decisions in *Cohen* v. *Sellar* ([1926] 1 K. B. 536) and *Gross* v. *Hochstim* (72 Misc. 343) where the donor himself broke the engagement contract."

It would appear, therefore, that the case of *Beck* v. *Cohen* did not go so far as to say in effect " no marriage, no ring." Whether or not the lady may retain her ring depends entirely upon the determination of the question as to whether the engagement was unjustifiably breached by her act.

Defendant will have judgment and the complaint will be dismissed upon the merits.