## Friske v. Cebula

*Frank A. Orban, Jr.,* for plaintiff.
*Shaver & Heckman,* for defendant.

BOOSE, P. J., December 9, 1946.—This case is before the court upon plaintiff's motion and rule awarded thereon, to show cause why judgment should not be entered for want of a sufficient affidavit of defense. The reasons assigned in support thereof are: (1) That the affidavit of defense is insufficient in law to prevent judgment; (2) that it does not disclose any valid contract or right by which defendant has the right to retain the fund that is admittedly in her possession; and (3) that it attempts to set up as a defense an unenforcible contract and the same cannot be asserted against plaintiff.

The statement of claim alleges that plaintiff, during the years of 1944 and 1945, was a member of the United States Army, engaged in combat in the South Pacific Theatre of War, and while so employed he forwarded to defendant specified sums of money on designated dates, aggregating the total sum of $1,000; that said sum of money was forwarded with the distinct understanding and agreement that defendant would hold and retain said money for plaintiff; that defendant on each occasion of receiving said remittances of money agreed and promised to plaintiff that she would repay the same to him upon his return to the United States; and that upon his return, plaintiff has on numerous occasions requested defendant to pay him the said sum of $1,000, with interest, but that she has neglected and refused to pay the same or any part thereof.

The affidavit of defense admits that defendant received said sums of money as alleged; denies that said money was forwarded by plaintiff and received by defendant with the understanding and agreement that she was to hold and retain the same for plaintiff; avers that she and plaintiff had become engaged to marry each other, and upon his return it was their intention to be married and that the moneys sent to her were for the purpose of providing funds for their marriage and to start in housekeeping; denies that she ever agreed with plaintiff to hold and retain said money for him and to repay him upon his return; avers that she safely kept said money until plaintiff's return, and that she considered herself the fiancee of plaintiff; that she received no company from any other men, and that she provided linens and other household articles for the establishment of a joint home in accordance with their plans and that she was at all times, ready, willing and anxious to consummate their engagement of marriage, but that upon his return and discharge from the Army he refused to comply with promise of marriage. Although not appearing in the pleadings, his counsel admits that plaintiff has married another woman since his return.

A motion and rule for judgment for want of sufficient affidavit of defense are, in effect, like a statutory demurrer to a statement of claim. All averments of fact properly pleaded in the affidavit must be taken as true. Assuming, for the purpose of disposing of the rule, that the averments of fact in the affidavit of defense are true, plaintiff's cause of action is an attempt to recover a gift of money made in consideration and contemplation of marriage. The law applicable to the case is stated thus:

"A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon

breach of the marriage engagement by the donee the property may be recovered by the donor": 28 C. J. 651, cited with approval in Ruehling v. Hornung, 98 Pa. Superior Ct. 535. However, if as alleged in the affidavit of defense, the marriage engagement was breached by the fault of donor (plaintiff) and not donee, then he is not entitled to recover the subject of the gift: 38 C. J. S. 850, §61; Schultz v. Duitz, 253 Ky. 135, 69 S. W. (2d) 27, 92 A. L. R. 600; Beer v. Hart, 153 Misc. 277, 274 N. Y. S. 671.

"Gifts made in anticipation of marriage are not ordinarily expressed to be conditional and, although there is an engagement to marry, if the marriage fails to occur without the fault of the donee, normally the gift cannot be recovered": A. L. I. Restatement of Restitution, 230, §58.

It will thus be observed that the right of plaintiff to recover, or the right of defendant to keep and retain the money in suit, turn upon the disputed questions of fact whether it was given in contemplation of marriage, and whether the marriage engagement was breached by plaintiff or defendant. These are questions of fact for a jury, and not questions of law for the court. Where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings, the rule for judgment is properly discharged: Rodgers v. Mann, 307 Pa. 452.

Plaintiff's counsel argues and contends, however, that the defense averred in the affidavit of defense is not available to defendant, for the reason that all causes of action for breach of contract to marry are abolished by the Act of June 22, 1935, P. L. 450, 48 PS §171. This contention is untenable. Defendant is not seeking to recover against plaintiff for breach of promise to marry under a counterclaim or otherwise; she is defending against plaintiff's alleged cause of action.

Again, assuming the facts averred in the affidavit of defense to be true, plaintiff's cause of action is to recover a gift of money made in contemplation of marriage, and is in effect a cause of action for breach of contract to marry, which has been outlawed by the above-cited act. Plaintiff may not evade the force and effect of the statute abolishing such cause of action as being against the public policy of the Commonwealth, by contending that his cause of action is based upon the common-law liability for money had and received. A statute which provides that a breach of contract to marry shall not constitute an injury or wrong recognized by law and that no action, suit or proceeding shall be maintained therefor, abolishes both the right of action for breach of promise and any right of action, whatever its form, that is based upon such breach: Thibault v. Lalumiere, 318 Mass. 72, 60 N. E. (2d) 349; A. B. v. C. D., 36 F. Supp. 85, affirmed 123 F. (2d) 1017. Where there is a gift of money or property, or property in conjunction with the marriage contract, the statute abolishing actions for breach of such a contract bars an action brought to recover such money or property upon breach of the marriage promise: Andie v. Kaplan, 263 App. Div. 884, 32 N. Y. S. (2d) 429, affirmed in 288 N. Y. 685, 43 N. E. (2d) 82; Josephson v. Dry Dock Sav. Inst., 266 App. Div. 992, 45 N. Y. S. (2d) 120, affirmed in 292 N. Y. 666, 56 N. E. (2d) 96; Morris v. Baird, 54 N. Y. S. (2d) 779; Hecht v. Yarnis, 42 N. Y. S. (2d) 596.

It is our considered conclusion that plaintiff is not entitled to judgment for want of a sufficient affidavit of defense.

### Order

Now, December 9, 1946, the rule to show cause why judgment should not be entered for want of a sufficient

affidavit of defense is discharged; and it is ordered that the case be placed upon the trial list.