## Preshner, etc., v. Goodman

*M. L. Davis* and *Maurice L. Osser*, for plaintiff.
*Frank A. Simons*, for defendant.

SMITH, P. J., November 20, 1952.—This case comes before the court on plaintiff's complaint in assumpsit.

Plaintiff avers that she and defendant became engaged to be married, and that as an incident thereto on November 17, 1951, defendant pledged his troth by placing upon plaintiff's ring finger a diamond ring of the value of $1,000. That on January 29, 1952, defendant, through no fault of plaintiff and contrary to her intentions, broke the engagement and at the same time pulled the diamond ring from plaintiff's ring finger without her consent, and that he has fraudulently kept same of the value aforesaid. This suit is by plaintiff for the value of the ring in the sum of $1,000.

The preliminary objections of defendant are based upon two reasons: That the action in assumpsit is barred by the Act of June 22, 1935, P. L. 450, 48 PS §171, etc., and also that the action should have been brought in replevin and not in assumpsit.

We do not believe that either reason justifies sustaining of the preliminary objections to the complaint and that this case should be decided by a jury.

It is true that when a man and woman become engaged to be married that as a symbol of the engagement a ring may be placed upon the ring finger of the woman to be later consummated by the marriage relation. If the engagement is broken by the woman or by the mutual consent of the parties, it is proper for her to return the ring to the donor because the engagement no longer for these reasons persists. But where the donor repudiates the engagement without the consent of the donee and physically removes the ring from the engagement finger of the woman, the fault is not that of the donee but that of the donor. Plaintiff thereby has a good cause of action in assumpsit not for the ring itself but for its value.

The donor argues that this case is controlled by the Act of June 22, 1935, P. L. 450. We do not believe that that act of assembly is applicable in this case. This is a simple action in assumpsit for money damages. In the case of Bullen v. Neuweiler, 73 D. & C. 207, 212, the court held:

" 'The phrase "cause of action" as used in statutes fixing the jurisdiction of the courts according to where the cause of action arises, means that which creates the necessity for bringing the action. It arises when that is not done which should have been done, or that is done, which should not be done.'

"It was said in Phila. v. Heinel Motors, Inc., 346 Pa. 528:

" 'One person may, at the same time, hold several distinct causes of action against another, and may maintain an action on any of such causes, without prejudicing his right to proceed upon any of the others. The fact that they might all be joined in one action, or that they arise out of the same transaction, is immaterial'."

There is no doubt that the ring was placed on plaintiff's finger as a mutual pledge of marriage, and there seems no doubt that if she refuses to marry or if it is mutually agreed that no ceremony shall take place, it becomes the duty of the donee to return the ring. There are no cases that the court can find in the Commonwealth of Pennsylvania similar to the one now before us where the donee is asking to recover damages. Other jurisdictions follow the statement of law as contained in 28 C. J. 651, where it is stated:

"A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor. But if the gift is made simply for the purpose of introducing the donor to the donee's acquaintance, and to gain her favor, the property is not recoverable, although marriage does not ensue. So where a Christmas present is made by a man to his fiancee, it becomes her property, and the subsequent breaking of the engagement does not entitle him to recover it back."

Thornton on Gifts and Advancements, 94; Williamson v. Johnson et al., 62 Vt. 378; Lunsdew v. Orbaugh, 227 S. W. 868; Antaramian v. Ourakian et al., 194 N. Y. S. 100. In the cause of action before this court, plaintiff did not breach the agreement nor was the engagement broken by mutual consent. We have determined that this case should be tried by a jury: Reuling v. Hornung, 98 Pa. Superior Ct. 535.

There is no doubt that an engagement ring means the act of pledging for the contract of marriage. Although absolute in form it is conditional, and thus upon breach by the donee may properly be recovered by donor. But in the event that the donee holds herself ready and willing to consummate the agreement and the donor breaks the engagement without her consent, it seems to us that a different condition exists. The gift absolute in form has its condition made impossible of fulfillment by the donor: Schultz v. Duitz, 253 Ky. 135, 92 A. L. R. 600. In that case the suit was brought against the donor by a woman to recover an engagement ring or the value thereof. The court held that this case is analogous to a commercial transaction and said:

"A marriage contract may be supported by the mutual promise of the parties — the promise of one to marry the other. But if the contracting parties choose to pay or promise an additional consideration, they will be bound thereby just the same as in commercial transactions. Such additional consideration might be likened unto purchase money, or, in commercial terms, 'earnest' money, to bind the contract, and, in such cases if the contract fails or is not carried into effect through the purchaser's fault, he cannot recover the 'earnest' money so paid. Robenson v. Yann, 224 Ky. 56, 5 S. W. 2d 271.

"In support of this conclusion we refer to the case of Jacobs v. Davis, (1917) 2 K. B. 532, in which case there was involved a question similar to the one in the instant case. After discussing the origin and history of the engagement ring, the court said: 'Though the origin of the engagement ring has been forgotten, it still retains its character of a pledge of something to bind the bargain or contract to marry, and is given upon the understanding that a party who breaks the contract must return it. Whether the engagement

ring is a pledge or a conditional gift, the result is the same.' . . .

"Appellant voluntarily gave appellee the engagement ring as an additional consideration for her promise of marriage and thereafter voluntarily breached the contract, and now attempts to invoke the aid of the law to relieve himself of the situation in which he, without legal excuse, voluntarily placed himself.

"In view of the authorities herein cited, and even without precedent of authority, a sense of right, fair play, and justice forbids us to grant him the relief asked."

The following cases have applied this rule to the effect that an engagement ring cannot be recovered by the donor if he himself committed the breach: Cohen v. Sellar (1926), 1 K. B. 536; Seiler v. Funk, 32 Ont. L. Rep. 99.

*Order of Court*

And now, to wit, November 20, 1952, defendant's preliminary objections are dismissed. Defendant is given 20 days in which to file an answer on the merits.