## Murphy, Admr. v. Studer

708

[redacted]

*Reed & Gibbons*, for plaintiff.

*Samuel S. Blank*, for defendant.

DIGGINS, J., October 7, 1966.—Plaintiff, L. Francis Murphy, administrator c.t.a. of the estate of George L. Prichard, deceased, filed a complaint in equity against defendant, Millicent Studer, a/k/a Millicent David. The complaint alleges, in essence, the following: that decedent died on September 3, 1965, and was a widower at the time of his death; that on May 30, 1961, decedent became a widower and remained such until the time of his death; that in 1961 and until 1963, decedent owned real and personal property valued in excess of $100,000; that at the time of his death, decedent had assets approximating $2,000 in value; that decedent met defendant on or about January, 1963, and thereafter defendant promised and agreed to marry decedent; that defendant, by the time of decedent's death, had not fulfilled said promise to marry; that decedent, in reliance on the promise of marriage, transferred the sum of at least $60,960.70 in cash and, in addition, the sum of $28,000 for the purchase of furnishings, automobiles, jewelry, clothing and household

items, a total value of approximately $90,000 or more; that defendant has refused to return the aforesaid sums and other personalty to decedent's estate; and that plaintiff is entitled to equitable relief.

Defendant has filed preliminary objections to the complaint which are twofold in nature, viz., (1) a demurrer; and (2) in the alternative, a motion for a more specific pleading. We are of the considered opinion, for the reasons hereinafter set forth, that the preliminary objections must be sustained with the right granted unto plaintiff to file an amended complaint should the actual facts fall within the purview of the applicable legal principles.

The complaint in its present form is deficient in various particulars. With regard to the motion for a more specific pleading, the complaint fails to set forth the place and date of the alleged promise and agreement of marriage. Nor does the complaint set forth with particularity the dates, places and specific amounts of the alleged transfers of cash and other items of personalty. Of course, it may well be that plaintiff does not have certain of these facts now available; however, to this degree and extent, plaintiff could allege that the necessary facts are within the exclusive control and knowledge of defendant. In addition to these deficiencies, the most significant allegation, i.e., that at the time of decedent's death, defendant "had not fulfilled" her agreement and promise to marry decedent, is vague and subject to several possible interpretations. It may imply simply that the marriage was not consummated because of decedent's death, or that defendant breached her promise of marriage and refused to marry decedent, or that the marriage was not consummated by agreement of the parties, or that defendant fraudulently procrastinated in consummating the marriage, or that decedent refused to marry defendant, or that either party was un-

able to marry. Further, the complaint fails to aver whether the transfers were or were not subject to any given express condition or conditions relative to the status of the transfers in the event the marriage was not consummated. In light of the above, we conclude that defendant is entitled to a more specific pleading as hereinabove indicated.

The remaining facet of the outstanding preliminary objections, i. e., the demurrer, presents an interesting and challenging question. In this regard, defendant, with merit, contends that the complaint fails to set forth a cause of action. Defendant's position, in essence, is that the complaint merely states that decedent had a certain sum of cash or in assets in 1963, had a far lesser sum at the time of his death in 1965, transferred over $90,000 in assets to defendant in reliance on defendant's promise of marriage and that, at the time of his death, defendant had not yet married decedent. Defendant further contends that the complaint *fails* to aver: (1) any express condition concerning the return of the property in the event that defendant failed to marry decedent; (2) defendant's failure or refusal to marry decedent; or (3) that defendant was able to marry decedent. On these bases, defendant alleges that an analysis of the complaint leads to the inescapable conclusion that defendant was unable to fulfill her alleged promise to marry by decedent's death. Our analysis of the complaint's allegations, as they are now constituted, also leads us to a similar conclusion and, therefore, that the demurrer must be sustained in light of the applicable legal principles which will hereinafter be set forth. However, in the interests of fairness and justice, we are also of the opinion that plaintiff should have one further opportunity to state a cause of action if the actual facts fall within the purview of what we consider to be the applicable law.

Ruehling v. Hornung, 98 Pa. Superior Ct. 535, a fountainhead case, is most apposite to the instant case. There, the donor commenced an action in replevin to recover an engagement ring, a wrist watch and a medallion which he gave to defendant donee in contemplation of marriage. It appeared that the engagement was subsequently broken and that the gifts were not returned to the donor by the donee prior to her death; however, there was no substantial evidence that the donee broke the engagement or that any of the gifts were made upon the express condition that they were to be returned if the donee failed to marry the donor. Under these circumstances, the Superior Court held that the evidence was sufficient, *as to the engagement ring*, to submit this limited question to the jury. As to the *other gifts*, however, the court held that plaintiff-donor had the burden of proving that they were given upon the condition that the marriage take place. The court pertinently stated at pages 538-40:

"We find no case in this State directly bearing on this question, but in 28 C. J. 651, the law is stated thus: 'A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor. But if the gift is made simply for the purpose of introducing the donor to the donee's acquaintance and to gain her favor, the property is not recoverable, although marriage does not ensue. So where a Christmas present is made by a man to his fiancee it becomes her property and the subsequent breaking of the engagement does not entitle him to recover it back.'

"Thornton on Gifts and Advancements 94, states the law as follows: 'If the intended husband makes a present after the treaty of marriage has been negotiated, to his intended wife, and the inducement for the

gift is the act of her promise to marry him, if she break off the engagement he may recover from her the value of such present.'

"In Williamson v. Johnson, 62 Vt. 378, 20 Atl. 279, it was held that a plaintiff, who was engaged to defendant and sent her money with which to buy her wedding outfit and bear her expenses to the place of marriage, might recover these sums in an action of assumpsit if she, without cause, refused to fulfill the engagement.

"In Seiler v. Funk, 7 Ont. W. N. 179, it was held that where gifts are made in contemplation of marriage and the engagement is broken off for cause, personal gifts may be retained, but not money, nor articles for the intended home.

"In Lunsden v. Arbaugh, 227 S. W. 868 (Mo.), plaintiff was permitted to recover a piano which he gave to his fiancee while they were engaged to be married, and she thereafter broke the engagement.

"In Antaramian v. Ourakian, 194 N. Y. Supp. 100, plaintiff was permitted to recover jewelry, furs and money given to this fiancee in reliance upon her promise to marry which she broke.

"In Rosenberg v. Lewis, 210 App. Div. (N. Y.) 690, the plaintiff sought to recover articles of jewelry which he gave to his fiancee subsequent to their engagement to marry. The court held that the statement of the cause of action was insufficient because of the failure to allege facts to show that there was an understanding between the parties that the jewelry was given upon the express condition that it was to be returned in case the donee failed to marry plaintiff, and stated that 'gifts of the kind referred to may be conditionally made, but to state a cause of action for their recovery the complainant must allege facts to show that there was an understanding that they were so presented to the donee.'

"It will be observed that in each of the cases above

cited, in which the court permitted a recovery of the property by the donor, there was a breach of the promise of marriage by the donee. In the case at bar no such breach was proved. It does not appear whether the engagement was broken by plaintiff or whether it was dissolved by mutual consent. It follows that in order to permit a recovery by plaintiff, it would be necessary to hold that the gifts were subject to the implied condition that they would be returned by the donee to the donor whenever the engagement was dissolved. Under such a rule the marriage would be a necessary prerequisite to the passing of an absolute title to a Christmas gift made in such circumstances. We are unwilling to go that far, except as to the engagement ring. Such a ring is given as a pledge or symbol of the contract to marry. We think that it is always given subject to the implied condition that if the marriage does not take place either because of the death, or a disability recognized by the law on the part of, either party, or by breach of the contract by the donee, or its dissolution by mutual consent, the gift shall be returned. It only becomes the absolute property of the recipient if the marriage takes place. Good sense usually secures the return of the ring. The English cases seem to be in harmony on this question. See Cohen v. Sellar, 1 K. B. 536 (1926) ; and Jacob v. Davis, 1 K. B. 532 (1917). Our conclusion is that plaintiff's evidence in respect to the engagement ring was sufficient to take the case to the jury. As to the other articles involved the evidence was insufficient".

In Stanger v. Epler, 382 Pa. 411, the Supreme Court was confronted with the question of whether plaintiff-donor had made a gift of the interest in a joint bank account which was conditioned upon marriage. In the course of its opinion, the Supreme Court quoted from and interpreted Ruehling v. Hornung, supra, and stated the following at pages 415-16:

"Plaintiff-appellee relies upon Ruehling v. Hornung, 98 Pa. Superior Ct. 535, which apparently is the only reported appellate court case in this jurisdiction on the subject. There the action was in replevin to recover an engagement ring, watch and medallion. There was proof of an engagement of marriage and that plaintiff, in contemplation of marriage, gave defendant the enumerated articles. There was no evidence that defendant broke the engagement or that the gifts were made upon the express condition that they were to be returned if defendant failed to marry the plaintiff. . . The opinion cited a text book and cases from other states which hold that in order for a donor to recover it must be shown that the gifts were either made upon an express condition that they were to be returned in case the donee failed to marry donor, or that the gifts were induced by the donee's promise to marry the donor. The judgment of the Superior Court was that an engagement ring is a symbol of a contract to marry, subject to the implied condition that if the marriage does not take place due to the fault of the donee, the ring is to be returned. This was held to be a question for the jury. The watch and medallion could not be recovered since there was no evidence that these gifts were made upon the express condition that they were to be returned if the donee failed to marry the donor. See also: Friske v. Cebula, 59 D. & C. 46; Bullen v. Neuweiler, 73 D. & C. 207; Preshner v. Goodman, 83 D. & C. 387; Restatement, Restitution, sec. 58; Annotation, 92 ALR 604".

More recently, in Pavlicic v. Vogtsberger, 390 Pa. 502, the Supreme Court considered an action in equity to have a mortgage satisfaction stricken from the record and to have defendant-donee ordered to return gifts and pay back monies procured from plaintiff-donor where the gifts were made in contemplation of marriage. In that case, the court quoted from and cited,

with approval, the Stanger and Ruehling cases, supra.

A review of the aforementioned authorities (as well as the cases cited therein) convinces us that, in cases of this nature where engagement rings are not the subject of the action, plaintiff-donor must allege and prove that the gifts were made upon an express condition that they were to be returned in case the donee failed to marry the donor *or* that the gifts were induced by the donee's promise to marry the donor and that the donee broke off the engagement to marry or refused to marry the donor in violation of an agreement to marry. None of these allegations now appear in the complaint.

In reaching our aforesaid conclusion, we have considered the interesting question of whether the impossibility of marriage, by virtue of the death of one of the parties, requires a return of the gifts. No Pennsylvania case has been called to our attention in this regard. Significantly, however, it is to be noted that in the Ruehling case, supra, the court drew a clear distinction between engagement rings and other gifts. There the court stated that the gift of an engagement is subject to an *implied condition* that if the marriage does not take place, for the various reasons set forth in the opinion (and quoted above), *including death,* then the gift shall be returned. The court refused to extend this rule to other gifts because of the unique character of an engagement ring. In light of this holding, by converse reasoning, it would appear that, as to other gifts, the law will not subject them to an implied condition, nor will death decree their return. Moreover, our research has disclosed that the Appellate Court of Illinois had occasion to pass on this precise point in Urbanus v. Burns, 300 Ill. App. 207, 20 N. E. 2d 869. In that case, the court held that where jewelry was given in contemplation of marriage and the donee died while she and the donor were still engaged, that

the donor could not recover the jewelry from the donee's heirs and personal representative, since the donee's death was not a breach of contract or fault on her part entitling the donor to a return of the gifts. The court appositely stated at page 212 of 300 Ill. App., page 871 of 20 N. E. 2d:

"At the time the articles of jewelry were presented, both parties knew that according to the course of nature, either one of them might die before the marriage was consummated. Had Loretta lived and had plaintiff declined to marry her, he could not recover the jewelry or the value thereof. Had he died before they became married, his personal representatives could not recover the jewelry for the benefit of his estate. At the time of her death, Loretta had a right to the possession of the jewelry as against all persons. She did not at any time break the contract to marry plaintiff or refuse to marry him. She was the owner of the jewelry at the time of her death and she did not breach the marriage troth. Hence, plaintiff had no right to claim the recovery of the same as against her brother and sisters or personal representatives".

Accordingly, we enter the following

### ORDER

And now, October 7, 1966, upon consideration of the preliminary objections filed on behalf of defendant, Millicent Studer, a/k/a Millicent David, in the nature of a demurrer and, in the alternative, in the nature of a motion for a more specific pleading, and after argument and consideration of the briefs by counsel on behalf of the respective parties, it is ordered, adjudged and decreed as follows:

(1) The preliminary objections of defendant, Millicent Studer, a/k/a Millicent David, in the nature of a demurrer and in the nature of a motion for a more specific pleading be and the same are hereby sustained;

(2) The complaint in equity filed on behalf of plaintiff, Millicent Studer, a/k/a Millicent David, be and the same is hereby dismissed;

(3) Plaintiff is herewith granted leave to file an amended complaint in equity within 20 days of the date of the within order, if same can be filed in accordance with the contents of the within opinion; and

(4) In the event that plaintiff files an amended complaint in equity within 20 days of the date hereof, as aforesaid, defendant is herewith granted leave to file preliminary objections thereto within 20 days of the filing of the amended complaint in equity, if indicated.