KAREN NELSON MOORE, Circuit Judge,
dissenting.
I am writing in dissent because I think that Tami Woodworth Salens (“Salens”), representing the estate of Keith George Church (“Church”), has not satisfied the summary-judgment standard with respect to her claim regarding the disputed real property. The district court erred in awarding summary judgment sua sponte in favor of Salens, and the majority erroneously affirms that award.
The majority appears to agree with the district court’s prediction that, that “if faced with the issue, the Michigan Supreme Court would hold [in accordance with the trend in other jurisdictions] that a gift of real property made in contemplation of marriage to the anticipated donee spouse may be enforced as a conditional gift that must be returned to the donor upon proof of an express or implied in fact contract.” Dist. Ct. Order of 3/7/06 at 9. I do not disagree with this prediction, but I note that the extension of the conditional-gift doctrine from the gift of an engagement ring to the gift of other forms of property involves a subtle shift in analysis. The Michigan Court of Appeals follows other jurisdictions in viewing the gift of an engagement ring as categorically conditional because of the symbolic meaning of the ring. Meyer v. Mitnick, 244 Mich. App. 697, 625 N.W.2d 136, 139 (2001). By contrast, to determine whether other types of gifts made during the engagement period are similarly conditional, even though they lack the inherent symbolism of an engagement ring, courts evaluate the cir *445 cumstances and intentions surrounding these gifts. See, e.g., Nicholson v. Johnston, 855 A.2d 97, 102 (Pa.Super.Ct.2004); Aronow v. Silver, 223 N.J.Super. 344, 538 A.2d 851, 852-54 (N.J.Super.Ct.Ch.Div.1987). Thus, the inquiry into whether Church made the gift of the real property to Jacqueline Tubbs conditional on them marriage involves a factual as well as a legal determination.
We must review the district court’s grant of summary judgment sua sponte according to two distinct standards. “The substance of the district court’s decision is reviewed de novo under the normal standards for summary judgment.” Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund, 203 F.3d 926, 931 (6th Cir.2000). “The district court’s procedural decision to enter summary judgment sua sponte, however, is reviewed for abuse of discretion.” Id. “[A] district court may enter summary judgment sua sponte in certain limited circumstances, ‘so long as the losing party was on notice that [it] had to come forward with all of [its] evidence.’ ” Id. (quoting Salehpour v. Univ. of Tennessee, 159 F.3d 199, 204 (6th Cir. 1998), cert. denied, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999)).
In the circumstances of this case, although the district court satisfied its procedural burden, I believe that from a substantive perspective the district court erred in granting summary judgment on Salens’s claim regarding the real property. As the majority explains, because Jacqueline Tubbs (“Tubbs”) herself had first moved for summary judgment Tubbs had notice that she should present all her evidence. Therefore, the district court did not abuse its discretion in considering summary judgment. The majority opinion and the district court, however, mistakenly have taken the facts in the light most favorable to Salens and have wrongly concluded that if Salens has produced sufficient evidence to find in her favor, then summary judgment for Salens is appropriate.[1] “Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law.” Macy v. Hopkins County Sch. Bd. of Educ., 484 F.3d 357, 363 (6th Cir.), cert. denied, - U.S. -, 128 S.Ct. 201, 169 L.Ed.2d 37 (2007); Fed.R.Civ.P. 56(c). Because Tubbs is treated as the nonmoving party in this case, when we are reviewing a sua sponte grant of summary judgment for Salens, we are obligated to take the facts in the light most favorable to Tubbs. Street v. Corr. Corp. of Am., 102 F.3d 810, 816-17 (6th Cir.1996) (determining that a sua sponte grant of summary judgment to the party treated as the moving party “was not proper because, taking the evidence in the light most favorable to the [party treated as the nonmoving party], there [we]re genuine issues of material fact”).
The critical question is whether Tubbs has created a genuine issue of material fact that Church’s gift of the real property did not create an implied-in-fact contract, in which the gift was conditional upon Tubbs and Church’s marriage. The evidence militating in favor of a finding that the real property constituted a gift from Church to Tubbs conditional upon their marriage includes the facts that Church paid for the purchase of the property and that Tubbs did not supply any financial *446 consideration for the property. Furthermore, Tubbs testified at her deposition that both she and Church intended the property to serve as a marital home: “The only thing that was discussed about this is that when we got married, you know, that this was our home and that I was to keep it up.” J.A. at 110 (Tubbs Dep. at 44).
Evidence also exists, however, that Church intended the home as a gift, independent of his future marriage to Tubbs. The following exchange at Tubbs’s deposition took place between counsel for Salens and Tubbs:
Q. Would it be a fair statement to say, so there is no question!,] that the placing of the title in your name was conditional upon you marrying him?
A. Well, we were going to get married, yes.
Q. So, that was the condition of putting your name—
A. No, it wasn’t a condition. He just wanted my name on it and we, at some point, we were going to get married. But there was no condition. I mean, sure, I planned on marrying him, I loved him.
J.A. at 116 (Tubbs Dep. at 50). Tubbs’s answers show both that she anticipated marrying Church and that Church gave her the house as a gift, but do not show that Church conditioned the gift of the house upon their marriage. In response to further questioning by Salens’s counsel, Tubbs reiterated that she did not believe Church made a conditional gift of the real property:
Q. So, wouldn’t it be a fair statement to say this was a condition of having your name on the deed?
A. I can’t answer that.
Q. But assuming you weren’t going to marry him, he would not have put your name on the deed, would he?
A. I don’t know. I don’t know what he was doing the whole time because he ended up to [be] a big liar about everything. So, I have no idea. I just can’t answer that.
J.A. at 117 (Tubbs Dep. at 51). Though they do not lack ambiguity, the above exchanges amount to evidence that, according to Tubbs, the gift of the house was not conditional.
Furthermore, Tubbs’s testimony shows that Church knew the consequences of joint tenancy when he decided to include Tubbs’s name as well as his own on the title to the property. Tubbs testified that real-estate agents “explained everything in these papers to [Church] before he signed .... they wanted to make sure that [Church] knew ... what he was doing and he said, yes, this is how it’s going to be written up.” J.A. at 112 (Tubbs Dep. at 46). Tubbs subsequently testified that the real-estate agents explained “that over here [in the United States] if there were two names on a deed, two names on a deed and one passed away, it goes to the other one. He [Church] knew everything.” J.A. at 118 (Tubbs Dep. at 52). Finally, Tubbs denies ever encouraging Church to include her name on the title, on the basis that they would soon be married. In conclusion, although the evidence suggests that Church made the gift of the real property in part motivated by the fact that he purported to love Tubbs and was engaged to her, the evidence is not conclusive that Church made the gift of the home conditional upon the eventuality of his marriage to Tubbs. See Aronow v. Silver, 223 N.J.Super. 344, 538 A.2d 851, 852-53 (N.J.Super.Ct.Ch.Div.1987) (quoting with approval the holding of Albanese v. Indelicato), 25 N.J. Misc. 144, 51 A.2d 110, 110-11 (N.J.D.Ct.1947), that although a plaintiff would not have given the defendant a “dinner ring” had they not been engaged, *447 the “dinner ring” constituted simply “a token of the love and affection which plaintiff bore for the defendant” and did not constitute an impliedly conditional gift because the ring lacked the inherent “symbolic meaning” of an engagement ring).
The majority’s feeble response that all of this is merely a scintilla of evidence should be recognized for what it is—a blatant weighing of the evidence that is appropriate only for the trier of fact. Tubbs has created a genuine issue of material fact that Church did not condition the gift of the home upon their marriage. The district court erred in granting summary judgment to Salens on her claim regarding the real property and the majority compounds that error by affirming.
In conclusion, I would reverse the grant of summary judgment for Salens regarding the disputed real property and remand for further proceedings. Therefore, I dissent.

. Although the majority in its footnote 2 purports to distance itself from this mistake, the tenor of the majority is to view the evidence in the light most favorable to Salens and to minimize the weight of Tubbs’s testimony.