Henry P. Urbanus, Appellee, v. Irene Burns et al., Appellants.

Gen. No. 40,607.

Opinion filed April 26, 1939. Rehearing denied May 8, 1939.

JOHN F. HAAS, ALBERT N. CHARLES and WILLIS B. WOOD, all of Chicago, for appellants.

HARRY S. GREENSTEIN, of Chicago, for appellee; HARRY F. BREWER, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

There is competent evidence to establish that in 1914 plaintiff became engaged to Loretta Burns, in token of which he gave her a diamond ring; that in 1917, their engagement having come to an end, she returned the engagement ring and there ensued a period of estrangement for some six years; that on Christmas Eve, 1921, plaintiff gave Loretta a dinner ring; that on Christmas Eve, 1926, he gave her a wrist watch; that on Christmas Eve, 1927, he gave her an onyz ring; that on Christmas Eve, 1928, he gave her a diamond ring; that on June 1, 1935, Loretta Burns died intestate leaving her surviving as her only heirs at law and next of kin, her three sisters and one brother; that subsequent to her death, plaintiff made claim to the gifts, contending that each of them had been given to Loretta in contemplation of marriage, and that their marriage relation not having been consummated because of her death, he was by law entitled to the return of the gifts. On June 4, 1936, plaintiff filed a replevin suit for the recovery of the jewelry from the brother and sisters of decedent. On June 25, 1936, he filed a declaration in trover and conversion, asserting that the defendants on June 1, 1935, took the jewelry described and unlawfully became possessed of the same and unjustly detained the same, well knowing the chattels to be the property of plaintiff. Defendants filed their answer and averred that the gifts were Christmas gifts; that plaintiff did not make any demand for the return of the same upon deceased in her lifetime; that more than five years elapsed between the date of the last gift and the date of the death of Loretta Burns; that on June 12, 1936, letters of administration were taken out in the probate court and issued to Irene Burns as administratrix of the estate of Loretta Burns; that on June 22, 1936, the items of jewelry were included in the inventory of the estate;

that said jewelry was never in the physical possession or control of the defendants but was in the custody of the administratrix, and that they had no knowledge of the accuracy of the description or the value of the articles of jewelry mentioned in the complaint; that the gifts were made to Loretta Burns in her lifetime as absolute gifts, and that upon her death they became the property of her estate, and that the proceedings, if any, should have been instituted against the administratrix and not against the heirs. On a trial before a jury a verdict was rendered finding the defendants guilty of unlawfully withholding the property and assessing plaintiff's damages at the sum of $750. Motions for a new trial and for a judgment notwithstanding the verdict, were made by defendants and overruled. Thereupon the court entered judgment on the verdict, from which defendants prosecute this appeal.

At the trial the defendant Irene Burns produced in open court four pieces of jewelry which she stated she found in the safety deposit box held jointly by Loretta and herself. Plaintiff admits that the dinner ring, wrist watch and onyx ring were given to Loretta by him. He contended, however, that the fourth item, a diamond ring, was not the diamond ring he gave to Loretta on Christmas Eve, 1928. Plaintiff introduced testimony showing that on January 1, 1935, the fair and reasonable market value of the diamond ring which he gave her on Christmas Eve, 1928, was $750. There was testimony to the effect that the value of the onyx ring on June 1, 1935, was $40, the dinner ring $65 and the wrist watch $65. There does not seem to be any doubt that the diamond ring which Irene Burns produced in court was not the diamond ring which was given to Loretta on Christmas Eve, 1928. The diamond ring given to Loretta was worth $750, and

the diamond ring produced in court, which plaintiff says was not the ring he gave to Loretta, is worth $100. Loretta and Irene had a joint safety deposit box, to which both had access. Irene visited the box about July 26, 1935. Plaintiff infers that the defendants substituted a cheaper ring for the $750 ring. A sister-in-law of plaintiff testified that she saw Loretta wearing the ring a couple of weeks before she died. It does not follow that Loretta placed the ring in the safety deposit box or that she had the ring at the time of her death. Defendant Irene Burns testified positively that the ring was not in the box. There was not sufficient evidence to warrant the court in submitting to the jury the proposition as to whether defendants unlawfully possessed the diamond engagement ring. As to the dinner ring, the onyx ring and the wrist watch, there is no evidence that would warrant the court in submitting a verdict as to defendants James H. Burns, Helen Burns and Mazzie Small. The latter three persons did not at any time have possession or control of the jewelry.

The dinner ring, onyx ring and wrist watch have a total value of $170. The dinner ring was given in 1921, the wrist watch in 1926 and the onyx ring in 1927. Defendants argue that these articles were given to their sister as Christmas gifts. Plaintiff, however, maintains that they were gifts made in contemplation of marriage, stating that a gift made by a donor in contemplation of marriage to a donee to whom she is engaged to be married, is a conditional gift, and upon the termination of such marriage engagement without the fault of the donor, he is entitled to recover such property. Plaintiff's position is that he was engaged to Loretta at the time of her death, and that because a marriage was not solemnized, he is entitled to a return of the gifts. Defendants contend that there was

no engagement at the time of her death. From the evidence submitted to the jury, we are satisfied that the jury had the right to find that there was an engagement. There can be little doubt that if the engagement to marry was terminated because of the fault of the donee that he would be entitled to the return of the gifts that he made in contemplation of marriage. Under the facts of the instant case, there was no fault on either side. There was evidence to the effect that the marriage was to be solemnized toward the end of the month in which Loretta died.

In *Rockafellow v. Newcomb,* 57 Ill. 186, it appeared that Abraham Rockafellow had conveyed land to Mary Newcomb in contemplation of their marriage, and that Mary Newcomb had refused to marry him. The court said:

"The party failing to comply has no right, either in morals or law, to property thus acquired. The contract was sacred, having the sanction of both Divine and human law. The party in default should not be allowed to reap benefits from its violation. This would disregard the long settled principles of equity and jurisprudence."

The cases that we have examined wherein the courts of review have considered that the donee should return the jewelry given in consideration of marriage, are cases where the lady refused to carry out the contract.

In the case of *Schultz v. Duitz,* 253 Ky. 135, Carl Schultz delivered an engagement ring to Clara Duitz. Subsequently, the parties went out hunting squirrels, and while sitting under a tree, he took the ring off her finger and put it in his pocket. She demanded that he return it, and on his refusal, brought an action to recover. She recovered a judgment in the sum of $450, which was affirmed by the court of appeals of Kentucky. The court said:

"Appellant voluntarily gave appellee the engagement ring as an additional consideration for her promise of marriage and thereafter voluntarily breached the contract, and now attempts to invoke the aid of the law to relieve him of the situation in which he, without legal excuse, voluntarily placed himself."

At the time the articles of jewelry were presented, both parties knew that according to the course of nature, either one of them might die before the marriage was consummated. Had Loretta lived and had plaintiff declined to marry her, he could not recover the jewelry or the value thereof. Had he died before they became married, his personal representatives could not recover the jewelry for the benefit of his estate. At the time of her death, Loretta had a right to the possession of the jewelry as against all persons. She did not at any time break the contract to marry plaintiff or refuse to marry him. She was the owner of the jewelry at the time of her death and she did not breach the marriage troth. Hence, plaintiff had no right to claim the recovery of the same as against her brother and sisters or personal representative.

In answer to the defense of the statute of limitations, asserted by defendants, plaintiff states that in the case of a contract to marry, the statute of limitations does not begin to run until the time of the definite breach of such contract. While it is unnecessary to pass on that defense, we call attention to the fact that plaintiff recognizes that in order to recover, he must establish a breach of the contract. Certainly there was no breach of contract by defendant, and we understand that plaintiff does not contend that there was a breach. His position is that the marriage could not be carried out because of her death, and that therefore, the jewelry should be returned to him. Because of the views expressed, the motion for a judgment notwithstanding the verdict should have been allowed.

Therefore, the judgment of the superior court is reversed and a judgment notwithstanding the verdict is entered here for defendants and against plaintiff for costs.

*Judgment reversed and judgment notwithstanding the verdict here for defendants and against plaintiff for costs.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.