*In re* LOWE ESTATE

Docket No. 80195. Submitted July 1, 1985, at Detroit.—Decided October 8, 1985.

Terry Bohn and Tommie Louise Lowe became engaged in 1974 and Bohn gave an engagement ring to Lowe. Lowe kept the ring from 1974 until her death in 1984, but the engagement never resulted in marriage due to Bohn's unemployment and a series of strokes Lowe suffered from 1975 until her death. Garrett L. Lowe, personal representative of the estate of Tommie Louis Lowe, deceased, instituted probate proceedings in the Wayne Probate Court. Terry Bohn filed a claim against the estate, seeking to recover the engagement ring. Bohn argued that the ring was a conditional gift which, due to the fact that the condition was never fulfilled, should be returned to him. The court, Anthony J. Szymanski, J., concluded that the ring was an *inter vivos* gift which belonged to the decedent and passed on to her estate. Bohn appealed. *Held:*

At the time of her death, the decedent had a right to the possession of the ring as against all others, including Bohn. The ring was a conditional gift, but the decedent neither broke the engagement nor refused to marry Bohn. She was the owner of the ring at the time of her death, therefore Bohn has no right to claim the recovery of the ring. The ring passes to the decedent's estate.

Affirmed.

GIFTS — ENGAGEMENT RINGS — DECEDENTS' ESTATES.

An engagement ring given in contemplation of marriage passes to the estate of the recipient if the recipient dies before the marriage occurs and the engagement has not been broken.

*Thomas E. Cardinal,* for claimant.

Hyatt Legal Services (by *Kenneth A. Skuzenski),* for the personal representative.

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Gifts §§ 83-86.

Rights in respect of engagement and courtship presents when marriage does not ensue. 46 ALR3d 578.

Before: Beasley, P.J., and J. H. Gillis and M. J. Kelly, JJ.

Per Curiam. Petitioner appeals as of right from an order of the Wayne County Probate Court dated August 9, 1984, denying his claim for the recovery of an engagement ring from the estate of Tommie L. Lowe.

The relevant facts of this case were not a subject of dispute and were presented to the probate court as follows. Petitioner met Ms. Lowe, whom we will refer to as the donee, in 1971 or 1972 at a time when she was going through a divorce. A continuing relationship followed, culminating in an engagement to be married in 1974, at which time the donee received an engagement ring from the petitioner. The donee held the ring from 1974 until her death in 1984. However, the engagement never resulted in marriage, according to the petitioner, due to the unfortunate circumstances of petitioner's unemployment and a series of strokes suffered by the donee from 1975 until her death.

After a hearing was held on August 9, 1984, the probate judge rendered an oral opinion denying the petitioner's attempt to regain possession of the ring. Although not entirely clear, it appears that the court rejected petitioner's argument that the engagement ring was a conditional gift which, due to the failure of the condition, should be returned to him. Rather, the court concluded that the ring was an *inter vivos* gift, owned by the donee at her death, thus passing on to her estate. Although we agree with petitioner's characterization of the subject engagement ring as a conditional gift, we find that, under the facts presented in this case and the applicable law, petitioner was not entitled to a return of the ring.

Although there are very few Michigan cases

involving gifts made in contemplation of marriage, none of which involved engagement rings, the issue present in this case has arisen in other jurisdictions and has been covered in several legal treatises. See Anno: *Rights in Respect of Engagement and Courtship Presents When Marriage Does Not Ensue,* 46 ALR3d 578; 38 CJS, Gifts, § 61, pp 849-851; 38 Am Jur 2d, Gifts, §§ 83-84, pp 884-886. Due to the distinctive quality of an engagement ring which sets it apart from other betrothal gifts, it is more easily characterized as having been made in contemplation of marriage, and is thus referred to as "conditional". 46 ALR3d 599. Some general rules have evolved regarding the donor's right to a return of the engagement ring upon a failure of the condition to occur. First, where the engagement is broken by the donee, most courts have held that the donor is entitled to the ring. Conversely, where the engagement is unjustifiably broken by the donor, he may not obtain the recovery of the ring. See 46 ALR3d, pp 602-605; 38 Am Jur 2d, p 884; 38 CJS, pp 850-851, and cases cited therein. These results can be justified on the finding of fault in the conduct of one of the parties. 46 ALR3d, p 582. On the other hand, where the engagement is expressly terminated by the mutual consent of the parties, the general view is that the donor may obtain recovery since "the principle applies that the ring was given and received upon the condition subsequent that it would be returned if the parties did not wed without the fault of either", and "[i]t cannot be said that any so-called cancellation by mutual consent had the effect of abrogating the condition upon which the ring was held". 46 ALR3d 601, citing *Wilson v Riggs,* 243 App Div 33; 276 NYS 232; *aff'd without op* 267 NY 570; 196 NE2d 584 (1934).

None of the above-stated rules are helpful in

disposing of the case before us for the simple reason that there was no real termination of the engagement between the petitioner and the donee. Rather, as stated by petitioner in his brief, "the marriage did not take place due to the economic circumstances of the claimant and the long-lasting and serious medical condition of the deceased * * *". Thus, it appears that the engagement continued up until the donee's death, and only upon her death did it become certain that the contemplated marriage would never occur. Under such circumstances, the proper analogy is to those cases which concern the inability to perform the condition due to the death of one of the parties.

One such case is *Urbanus v Burns,* 300 Ill App 207; 20 NE2d 869 (1939). In *Urbanus,* the parties became engaged in 1914, at which time an engagement ring was presented. The engagement continued until the donee's death in 1935, after which the plaintiff-donor brought suit to recover the ring and other gifts. The Illinois court denied the claim with the following observation:

"At the time of her death, [donee] had a right to the possession of the jewelry as against all persons. She did not at any time break the contract to marry plaintiff or refuse to marry him. She was the owner of the jewelry at the time of her death and she did not breach the marriage troth. Hence, plaintiff had no right to claim the recovery of the same as against her brother and sisters or personal representative." 300 Ill App 212.

See also *Ludeau v Phoenix Ins Co,* 204 SW2d 1008 (Tex App, 1947), and *Hahn v United States,* 535 F Supp 132, 138-139 (SD South Dakota, 1982).

We agree with the logic of the *Urbanus* decision and believe the same result should obtain here. Although any plans for marriage were most proba-

bly on hold due to the failing health of the donee, the engagement had never been broken. Thus, the donee's possession of the ring at the time of her death rendered her rights in the ring superior as to all others, including the petitioner. Therefore, we conclude that upon her death the ring passed to the donee's estate. The probate court's denial of the petitioner's claim is affirmed.

Affirmed.