MEYER v MITNICK

Docket No. 213950. Submitted August 8, 2000, at Detroit. Decided February 20, 2001, at 9:05 A.M.

Barry Meyer, D.O., brought an action in the Oakland Circuit Court against Robyn Mitnick, seeking the return of an engagement ring after the engagement of the parties was terminated. The court, Fred M. Mester, J., granted summary disposition in favor of the plaintiff, finding that because the ring was given in contemplation of marriage, the marriage itself was a condition precedent to the ultimate ownership of the ring. The court found the plaintiff entitled to the return of the ring because the parties did not perform the condition of marriage. The court also stated that the determination of who owns an engagement ring following termination of the engagement does not require a determination of which party was at fault for the termination. The defendant appealed, alleging that fault must be considered in determining ownership of an engagement ring following termination of the engagement.

The Court of Appeals *held*:

An engagement ring given in contemplation of marriage is an impliedly conditional gift that is a completed gift only upon marriage. If the engagement is called off, for whatever reason and regardless of who broke the engagement, the gift is not capable of becoming a completed gift and must be returned to the donor.

Affirmed.

GIFTS — ENGAGEMENT RINGS — TERMINATED ENGAGEMENTS.

An engagement ring given in contemplation of marriage is an impliedly conditional gift that is a completed gift only when the condition of marriage occurs; where the engagement is called off, for whatever reason and regardless of which party broke the engagement, the gift is not capable of becoming a completed gift and must be returned to the donor.

*Fred S. Findling*, for the plaintiff.

*Nelson S. Chase*, for the defendant.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and McDONALD, JJ.

FITZGERALD, P.J. Defendant appeals as of right the order granting summary disposition pursuant to MCR 2.116(C)(9) and (10) in favor of plaintiff. We affirm.

Plaintiff Barry Meyer, D.O., and defendant Robyn Mitnick became engaged on August 9, 1996, at which time Barry gave Robyn a custom-designed engagement ring that he purchased for $19,500.[1] On November 8, 1996, Barry asked Robyn to sign a prenuptial agreement and Robyn refused. The parties agree that the engagement was broken during that meeting, but both Barry and Robyn contend that the other party caused the breakup.

Robyn did not return the engagement ring after the engagement ended and Barry filed the present action on December 2, 1996. Barry alleged that the engagement ring was a conditional gift given in contemplation of marriage and that, because the condition of marriage did not occur, the ring should be returned to him. Robyn filed a countercomplaint, alleging that the ring was an unconditional gift and that, because Barry broke the engagement, she was entitled to keep the ring.[2]

Following a hearing on Barry's motion for summary disposition, the trial court granted summary disposition in favor of Barry. The court held that because an engagement ring is given in contemplation of marriage, the marriage itself is a condition precedent to

---

[1] For the sake of simplicity, the parties will be referred to by their first names.

[2] Although not relevant to this appeal, Robyn also demanded payment for forfeited deposits made for wedding services, and she also alleged assault and battery and intentional infliction of emotional distress.

the ultimate ownership of the ring. The court held that because the parties did not perform the condition of marriage, Barry was entitled to return of the ring. The court also determined that the issue of who ended the engagement is not determinative of ownership of the ring.[3]

The issue presented is whether fault must be considered in determining ownership of an engagement ring following termination of the engagement. We conclude that determination of who owns the engagement ring following termination of the engagement does not require a determination of which party was at fault.

Although Robyn does not challenge the trial court's finding that an engagement ring is a conditional gift given in contemplation of marriage, an analysis of the conditional nature of the gift is essential to a complete analysis of the issue presented.

One of the few cases in Michigan involving gifts in contemplation of marriage is *In re Lowe Estate*, 146 Mich App 325; 379 NW2d 485 (1985). In *Lowe*, the donor gave an engagement ring to the donee in 1974, but because of extenuating circumstances the couple never married. The donee held the ring until her death and, thereafter, the donor attempted to regain possession of the ring from the donee's estate. In its analysis, the Court noted the lack of case law on this issue and looked to cases from other states. *Id.* at 327-328. The Court stated that an engagement ring is a conditional gift made in contemplation of marriage.

---

[3] The court also found that there was not a genuine issue of fact that the decision to end the relationship was mutual. This finding was immaterial to the court's decision because the court ultimately determined that a determination of fault is irrelevant.

*Id.* at 327. The Court further cited the general rule that, if the engagement is broken by the donee, the donor is entitled to recover the ring. *Id.* Additionally, the Court cited the general principle that, if the engagement is unjustifiably broken by the donor, he may not recover the ring. *Id.* The Court specifically stated that "[t]hese results can be justified on the finding of fault in the conduct of one of the parties." *Id.*

However, the Court noted that "where the engagement is expressly terminated by the mutual consent of the parties, the general view is that the donor may obtain recovery since 'the principle applies that the ring was given and received upon the condition subsequent that it would be returned if the parties did not wed without the fault of either.'" *Id.*, quoting anno: *Rights in respect of engagement and courtship presents when marriage does not ensue*, 46 ALR3d 578, 601. After this discussion, the Court concluded that the general rules were not applicable to the case because there was no termination of the engagement. *Lowe, supra* at 328. Rather, the possibility of marriage ended only upon the donee's death and, because she had the right to possession of the ring against all others, including the donor, at the time of her death, the ring passed to her estate and could not be recovered by the donor. *Id.* at 328-329.

Both parties cite *Lowe* to support their respective positions. Robyn contends that *Lowe* requires an analysis of which party was at fault for ending the engagement. Barry argues that because *Lowe* states that an engagement ring is a conditional gift, he is entitled to the ring because the condition of marriage did not occur, regardless of fault. Barry also con-

tends, however, that if an analysis of fault is proper, he is still entitled to return of the ring because he did not unjustifiably end the engagement.

We find, however, that the Court's discussion in *Lowe* concerning the ownership of an engagement ring after a broken engagement is merely dicta because the statements were not essential to determining the outcome of the case. *Edelberg v Leco Corp*, 236 Mich App 177, 183; 599 NW2d 785 (1999). Statements regarding a rule of law that are not essential to the outcome of the case do not create a binding rule of law. *Luster v Five Star Carpet Installations, Inc*, 239 Mich App 719, 730, n 5; 609 NW2d 859 (2000).

While there is no Michigan law regarding ownership of engagement rings given in contemplation of marriage where the engagement is broken, the jurisdictions that have considered cases dealing with the gift of an engagement ring uniformly hold that marriage is an implied condition of the transfer of title and that the gift does not become absolute until the marriage occurs. See anno: *Rights in respect of engagement and courtship presents when marriage does not ensue*, 44 ALR5th 1. Most courts recognize that engagement rings occupy a rather unique niche in our society. One court explained:

> Where a gift of personal property is made with the intent to take effect irrevocably, and is fully executed by unconditional delivery, it is a valid gift inter vivos. . . . Such a gift is absolute and, once made, cannot be revoked. . . . A gift, however, may be conditioned on the performance of some act by the donee, and if the condition is not fulfilled the donor may recover the gift. . . . We find the conditional gift theory particularly appropriate when the contested property is an engagement ring. The inherent symbolism of this gift

forecloses the need to establish an express condition that marriage will ensue. Rather, the condition may be implied in fact or imposed by law in order to prevent unjust enrichment. [*Brown v Thomas*, 127 Wis 2d 318, 326-327; 379 NW2d 868 (Wis App, 1985).]

Similarly, in *Lyle v Durham*, 16 Ohio App 3d 1, 2-3; 473 NE2d 1216 (1984), the court determined that because an engagement ring is a symbol or pledge of a future marriage, it signifies that the one who wears it is engaged to marry the man who gave it to her. Therefore, it is given in contemplation of the marriage and is a unique type of conditional gift.

Like the courts in other states and the dicta in *Lowe*, we find that engagement rings should be considered, by their very nature, conditional gifts given in contemplation of marriage. See, e.g., *Heiman v Parrish*, 262 Kan 926, 930; 942 P2d 631 (1997); *Lindh v Surman*, 560 Pa 1; 742 A2d 643 (1999); *McIntire v Raukhorst*, 65 Ohio App 3d 728; 585 NE2d 456 (1989); *Aronow v Silver*, 223 NJ Super 344; 538 A2d 851 (1987).

Once we recognize an engagement ring is a conditional gift, the question still remains: who gets the gift when the condition is not fulfilled? The general principles of law concerning a donor's right to the return of an engagement ring or its value when the marriage does not occur are contained in a collection of cases from multiple jurisdictions. See anno, 44 ALR5th 1. Generally, courts have taken two divergent paths. The older one rules that when an engagement has been unjustifiably broken by the donor, the donor shall not recover the ring. However, if the engagement is broken by mutual agreement, or unjustifiably by the donee, the ring should be returned to the donor. The

critical inquiry in this fault-based line of cases is who was at "fault" for the termination of the relationship. The other rule, the so-called, "modern trend," holds that because an engagement ring is an inherently conditional gift, once the engagement has been broken the ring should be returned to the donor. Thus, the question of who broke the engagement and why, or who was "at fault," is irrelevant. This is the no-fault line of cases.

We find the reasoning of the no-fault cases persuasive. Because the engagement ring is a conditional gift, when the condition is not fulfilled the ring or its value should be returned to the donor no matter who broke the engagement or caused it to be broken. As stated by the court in *Aronow, supra* at 349, in concluding that fault is irrelevant in an engagement setting:

> What fact justifies the breaking of an engagement? The absence of a sense of humor? Differing musical tastes? Differing political views? The painfully-learned fact is that marriages are made on earth, not in heaven. They must be approached with intelligent care and should not happen without a decent assurance of success. When either party lacks that assurance, for whatever reason, the engagement should be broken. No justification is needed. Either party may act. Fault, impossible to fix, does not count.[4]

In sum, we hold that an engagement ring given in contemplation of marriage is an impliedly conditional gift that is a completed gift only upon marriage. If the

---

[4] Indeed, following a modern trend, Michigan, as well as legislatures and courts in nearly every state, has moved toward a policy that removes fault finding from the personal-relationship dynamics of marriage and divorce. The policy statements that govern our approach to broken marriages are equally relevant to broken engagements.

engagement is called off, for whatever reason, the gift is not capable of becoming a completed gift and must be returned to the donor.

Affirmed.