*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEGAN PARKS,

       Plaintiff-Appellant,

v

DARRELL RAY PARKS,

       Defendant-Appellee.

UNPUBLISHED
October 22, 2019

No. 343867
Oakland Circuit Court
LC No. 2016-155188-PD

Before: RIORDAN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Plaintiff, Megan Parks, appeals as of right from the judgment entered in defendant's favor following a jury trial. This Court is asked to determine whether the trial court committed error requiring reversal when it (1) denied plaintiff's motions for summary disposition and directed verdict, (2) permitted the equitable issues of constructive trust and conditional gift to be considered by the jury without proper instructions, and (3) abused its discretion by allowing the admission of irrelevant evidence. We affirm.

## I. BACKGROUND & PROCEDURAL HISTORY

This case turns on the ownership of a small airplane and two classic cars. Defendant, who is plaintiff's father, purchased the airplane, a Yak 18A, on behalf of his business Concrete Construction Systems, Inc. ("CCS") in the 1990's using corporate funds.[1] Defendant also owned a 1950 Ford convertible.[2] In 2004, defendant transferred title to these items to plaintiff in order

---

[1] Defendant testified at trial that he was the sole shareholder of CCS. However, plaintiff asserted that defendant and his ex-wife, plaintiff's mother, were both shareholders. Neither party presented any evidence, beyond their own testimony, to support their claims.

[2] The record is not clear whether the 1950 Ford was registered to defendant or CCS.

to avoid losing them in his divorce proceeding.[3]  Around that time, defendant transferred title to his sailboat, a 43 foot yacht, to his son, plaintiff's brother, Alexander Parks.[4]  In March 2009, defendant purchased a 1973 Jaguar XKE sports car by giving plaintiff money with which to purchase, register, and insure the car.  The cars and airplane were stored in a hangar at the Oakland County International Airport.  Plaintiff and defendant each had security keys and electronic gate passes to access the hangar.

In June 2016, the parties' relationship devolved, resulting in a physical altercation and this lawsuit.  Plaintiff filed a complaint with respect to the airplane and cars for claim and delivery pursuant to MCL 600.2920, and common law and statutory conversion pursuant to MCL 600.2919a.  Defendant filed a counterclaim alleging that he had an arrangement with plaintiff, and that she held title to the airplane and cars in a constructive trust for his benefit.  Plaintiff's failure to perform her obligation meant that she (1) breached of the parties' "oral constructive trust contract," and (2) breached her fiduciary duty as constructive trustee.  The counterclaim also contained counts of (3) conversion, (4) assault and battery, (5) fraud and misrepresentation, (6) detrimental reliance and promissory estoppel, and (7) a request for exemplary damages.

Plaintiff moved for summary disposition under MCR 2.116(C)(5) (no standing), (C)(8) (failure to state a claim), (C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact).  She argued that defendant was bound by res judicata, collateral estoppel, and cross-over estoppel from asserting that he had any ownership interest in the airplane or cars because he testified during his divorce proceeding that plaintiff owned these items, and the issue of ownership was decided in that proceeding in plaintiff's favor.  Thus, defendant lacked standing with regards to all counts in his counterclaim (except the count of assault and battery) because he was not the "real party in interest."  Moreover, plaintiff argued, Michigan law does not recognize an "oral constructive trust contract" and defendant's testimony from his divorce proceedings that the items were given to plaintiff as a gift precludes defendant from asserting in his counterclaim that he established a constructive trust with plaintiff.  Plaintiff requested sanctions.

Defendant countered that plaintiff's complaint for claim and delivery of the aircraft meant that she did not have possession of it, which is a prerequisite to obtain a gift under Michigan law.  He submitted affidavits from himself, his son, Alexander Parks, and his daughter, Jennifer Parks, (plaintiff's siblings), swearing that the parties had an agreement by which plaintiff held the items in a constructive trust for defendant.  Defendant further argued that, the testimony he gave during his divorce proceedings notwithstanding, the divorce court found that the airplane and 1950 Ford were his premarital property.  Moreover, plaintiff had unclean hands because she testified during the divorce case that she did not own the Jaguar and had never paid insurance payments on the 1950 Ford, which contradicted her position in this case.  Res judicata,

---

[3] Defendant and plaintiff's mother divorced and defendant remarried.  It is his divorce from his second wife that prompted him to transfer title to the airplane and 1950 Ford to plaintiff.

[4] Again, the record is not clear whether the sailboat was registered to defendant or CCS.

collateral estoppel, and cross-over estoppel did not apply because the divorce action and the instant action did not involve the same parties. Although the airplane was originally titled to CCS, defendant was the constructive owner. Additionally, Michigan law recognizes the equitable remedy of constructive trusts, which was the arrangement that plaintiff and defendant had with respect to the airplane and cars. The affidavits of defendant, Alexander, and Jennifer all supported the assertion that this arrangement existed and that plaintiff was aware of it. These items were never given as a gift because defendant never intended for the items to be a gift, and there was no delivery because defendant paid for the maintenance and storage of the items at the airport hangar. Defendant also requested sanctions.

Plaintiff replied that the gift was complete when she accepted title to the items, that a constructive trust arises by operation of law (rather than by agreement of the parties), and that defendant was bound by judicial estoppel from asserting a position contrary to the one he assumed in his divorce proceedings. She also argued that the court lacked subject matter jurisdiction over defendant's claim of constructive trust because, pursuant to MCL 700.7203 (EPIC), the probate court has exclusive jurisdiction over the administration of a trust.

The trial court heard oral arguments and denied the motion "for the reasons set forth." The case proceeded to trial where the jury heard testimony from plaintiff, defendant, Alexander, and Jennifer. Alexander testified that defendant conveyed title to a sailboat to him to hold on to until defendant wanted it back. This arrangement had something to do with defendant's divorce. Alexander and Jennifer confirmed that defendant put the airplane in plaintiff's name as a temporary measure while he was going through his divorce, and that plaintiff expressed annoyance numerous times over having the airplane and cars in her name and told her siblings that she no longer wanted the responsibility.

At the close of proofs, plaintiff and defendant each moved for directed verdict. Plaintiff repeated her arguments that defendant lacked standing to bring a defense or cause of action to claim ownership of the airplane due to his contradictory testimony that the airplane was owned by CCS, and not by himself personally, and that Michigan law does not recognize any such cause of action as an "oral constructive trust contract," and conditional gifts are limited to the context of engagement rings. Alternatively, plaintiff argued, any such contract would be void under the statute of frauds because it was not completed within one year of when the contract was made (2004), and if there was a valid and enforceable contract, any claim arising from its breach was barred by the statute of limitations which would have started to run one year from when the agreement would have been performed (2005) and would have expired in 2011. Or if the clock began to run from when the Jaguar was purchased (2009), then the agreement would have to be performed within one year (2010) and the limitations period would have run out in 2016. Moreover, plaintiff argued, defendant's claim of conversion failed because the items were in his possession, and no evidence was introduced to show that plaintiff committed fraud or made any misrepresentations to defendant.

Conversely, at the close of trial, defendant argued that the statute of frauds did not apply because there was no requirement that the contract be performed within one year of making the agreement. Judicial estoppel was not applicable because his position at trial was not wholly inconsistent with his testimony given during his divorce proceedings, and the judge in that case did not find that the airplane was never his. He continued that the parties in the divorce case

-3-

were different from the parties in the instant case, and therefore, res judicata did not apply and that the breach of contract did not occur until 2016, and therefore, the statute of limitations did not bar suit. Defendant testified that the items were intended as a "temporary gift" or a conditional gift, and thus, the elements of an irrevocable inter vivos gift had not been met. He argued that Michigan law recognizes constructive trusts as an equitable remedy and plaintiff's refusal to retitle the items to defendant limited his ability to alienate the items, giving rise to his claim of conversion. Defendant moved for directed verdict, arguing that plaintiff had failed to prove that she was entitled to claim and delivery of the airplane "[f]or all the reasons that were put on the record in the trial and in [the] pleadings."

The trial court denied the motions, and the matter was submitted to a jury which found that the cars and airplane were not permanently gifted to plaintiff and must be retitled to defendant. No cause of action was found for defendant's claim of assault. The jury found that plaintiff committed battery, but no money damages were awarded. The trial court entered an order reflecting these findings of fact. This appeal followed.

## II. SUMMARY DISPOSITION AND DIRECTED VERDICT

Plaintiff first argues that the trial court committed error requiring reversal when it failed to grant her motions for summary disposition and directed verdict. We disagree.

Plaintiff moved for summary disposition under MCR 2.116(C)(5) (no standing), (C)(8) (failure to state a claim), (C)(9) (failure to state a valid defense), and (C)(10) (no genuine issue of material fact). A trial court's grant or denial of a motion for summary disposition is reviewed de novo. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). This Court's review of a determination regarding a motion under MCR 2.116(C)(5), which asserts a party's lack of capacity to sue, requires consideration of "the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Wortelboer v Benzie Co*, 212 Mich App 208, 213; 537 NW2d 603 (1995).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (internal quotation mark and citation omitted). "When deciding a motion brought under this section, a court considers only the pleadings." *Id*.

Summary disposition may be granted under MCR 2.116(C)(9) when "[t]he opposing party has failed to state a valid defense to the claim asserted against him or her." A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true, and summary disposition is proper if the defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Lepp v Cheboygan Area Schools*, 190 Mich App 726, 730; 476 NW2d 506 (1991) (internal quotation marks and citation omitted). In deciding a motion under MCR 2.116(C)(9) a court may only look at the parties' pleadings, including the complaint, cross-claim, counterclaim, third-party complaint, an answer to any of these, and a reply to an answer. *Village of Dimondale*

*v Grable*, 240 Mich App 553, 564–565; 618 NW2d 23 (2000), citing MCR 2.116(C)(9) and MCR 2.110(A).

A motion for summary disposition under MCR 2.116(C)(10) should be granted "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law[ ]" after a review of all "the pleadings, admissions, and other evidence submitted by the parties[,] [viewed] in the light most favorable to the nonmoving party." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010) (citations, footnotes, and quotation marks omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id*. (citation, footnote, and quotation marks omitted.)

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Construction Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The burden is then shifted to the nonmoving party to demonstrate that a genuine issue of material fact exists. *Id*. The existence of a disputed fact must be established by substantively admissible evidence, although the evidence need not be in admissible form. MCR 2.116(G)(6); *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 441; 814 NW2d 670 (2012) (citation omitted). If the nonmoving party fails to establish the existence of a material factual dispute, the moving party's motion is properly granted. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001) (citation omitted).

Plaintiff moved for directed verdict, reciting the reasons in her motion for summary disposition, and adding that any contract between the parties is unenforceable under the statute of frauds, and alternatively, any claim for breach of contract expired because the limitations period had already run out when defendant filed his counterclaim. This Court reviews de novo a trial court's decision on a motion for directed verdict. *Diamond v Witherspoon*, 265 Mich App 673, 681; 696 NW2d 770 (2005). In reviewing a decision on a motion for directed verdict, this Court "reviews all the evidence presented up to the time of the directed verdict motion, considers that evidence in the light most favorable to the nonmoving party, and determines whether a question of fact existed." *Id*. at 681–682. "A directed verdict is appropriate only when no factual question exists on which reasonable jurors could differ." *Id*. This Court also reviews de novo whether the statute of frauds bars enforcement of a contract, *Zander v Ogihara Corp*, 213 Mich App 438, 441; 540 NW2d 702 (1995), and the existence and interpretation of a contract, *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006).

The application of legal doctrines, such as res judicata and collateral estoppel, are reviewed de novo. *Estes v Titus*, 481 Mich 573, 579; 751 NW2d 493 (2008). "Judicial estoppel is an equitable doctrine." *Szyszlo v Akowitz*, 296 Mich App 40, 46; 818 NW2d 424 (2012) (citation omitted). "Findings of fact supporting the trial court's decision are reviewed for clear error, and the application of the doctrine is reviewed de novo." *Id*. (citation omitted).

Plaintiff first argues that defendant should be estopped from asserting a position contrary to testimony that he gave during his divorce proceeding wherein he stated that he has no ownership interest in the airplane and the cars, and therefore, defendant lacks standing to bring his counterclaim because he is not the real party in interest.

"The doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes*, 481 Mich at 585 (internal quotation marks and citation omitted). Plaintiff acknowledges that she cannot meet the third element because she was not a party in the divorce proceeding, but argues that her parents should have sought to have her joined so that she could assert her ownership interest. Setting aside the improbability of whether plaintiff could have been successfully joined, *Id*. at 582–583 (the jurisdiction of a divorce court is strictly statutory and limited to determining the rights and obligations between the husband and wife, to the exclusion of third parties, and third parties can be joined only where fraud is alleged), plaintiff was not a party in that proceeding, and by her own admission cannot meet the elements of res judicata. Rather, plaintiff urges this Court to apply the principles of res judicata as a matter of equity. However, res judicata is a legal doctrine, not an equitable one, *Id*. at 579, and it does not apply in this case.

For this same reason, collateral estoppel does not apply. *Storey v Meijer, Inc*, 431 Mich 368, 373 n 3; 429 NW2d 169 (1988) (collateral estoppel requires that (1) a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment, (2) the same parties had a full and fair opportunity to litigate the issue, and (3) there was mutuality of estoppel). Additionally, the doctrine of cross-over estoppel does not apply here because this is not a criminal proceeding. *People v Trakhtenberg*, 493 Mich 38, 48; 826 NW2d 136 (2012), citing *People v Gates*, 434 Mich 146, 155; 452 NW2d 627 (1990) (cross-over estoppel is "the application of collateral estoppel in the civil-to-criminal context").

Likewise, plaintiff's argument regarding judicial estoppel fails. "For judicial estoppel to apply, a party must have successfully and 'unequivocally' asserted a position in a prior proceeding that is 'wholly inconsistent' with the position now taken." *Szyszlo*, 296 Mich App at 51 (citation omitted). Defendant argued at trial, and the trial court agreed, that defendant's testimony from the divorce proceedings was not wholly inconsistent with his position in this case. During his divorce, defendant testified that he titled the 1950 Ford to plaintiff as a "gift" because he discovered that his ex-wife withdrew and spent all the funds in the couple's joint retirement account, and that plaintiff used her own funds to purchase the Jaguar. At trial, defendant testified that the 1950 Ford was not transferred to plaintiff as a gift. When plaintiff's counsel attempted to impeach defendant with his prior testimony, defendant clarified that his previous testimony was that it was only intended as a "temporary gift" as he called it "for lack of a better terminology." Similarly, when defendant testified at trial that plaintiff used his funds to purchase the Jaguar, plaintiff's counsel attempted to impeach him with his prior testimony. Defendant explained that he gave plaintiff the money, in other words, she used her own funds, but he "funded it through her." Defendant's position in this case is not a "wholly inconsistent" with his previous position during his divorce. Even though defendant's behavior during the divorce was perfidious, plaintiff does not provide any compelling reason why equity demands that this Court reward her in the instant case as a consequence.[5] Accordingly, plaintiff has not

---

[5] Although it is not before this Court, a review of the record suggests that defendant committed fraud during his divorce proceeding. However, the divorce court noted that "[t]he actions of both parties during the years leading up to and during each divorce action were certainly not

demonstrated that the trial court committed error requiring reversal when it denied her motion for summary disposition and motion for directed verdict pursuant to MCR 2.116(C)(5) (no standing).

Plaintiff argues the trial court should have granted her motions under MCR 2.116(C)(8) (failure to state a claim) because Michigan law does not recognize a cause of action based on an "oral constructive trust contract" and because constructive trusts are an equitable remedy imposed by courts. However, defendant's counterclaim included counts for (1) breach of contract, and (2) breach of fiduciary duty. It is clear that defendant pleaded breach of contract based on the alleged oral promises exchanged by the parties, and in the alternative, breach of fiduciary duty based on a constructive trust arrangement established by the parties. Michigan law recognizes a cause of action based on breach of contract. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003) (in Michigan, a party damaged by another party's breach of contract may recover "those damages that are the direct, natural, and proximate result of the breach"). It is true that a constructive trust is not itself a cause of action, but rather an equitable remedy. *Kammer Asphalt Paving Co, Inc v East China Twp Schools*, 443 Mich 176, 188; 504 NW2d 635 (1993). However, "a constructive trust may be based upon a breach of fiduciary or confidential relationship, misrepresentation, concealment, mistake, undue influence, duress or fraud." *Id.* at 188 n 28 (citation and internal brackets omitted). Because defendant pleaded breach of a fiduciary duty, his claim properly survived a motion under MCR 2.116(C)(8).

Plaintiff argues that she was entitled to summary disposition and directed verdict[6] because there can be no constructive trust where items are given as an irrevocable, completed, inter-vivos gift. Plaintiff misstates the law. "To effectuate a gift inter vivos, there must be an unconditional delivery, . . . and the right of disposition must be wholly beyond the power of the donor." *Geisel v Burg*, 283 Mich 73, 80; 276 NW 904 (1937) (internal quotation marks and citations omitted). However, neither of these conditions would be met under facts giving rise to the imposition of a constructive trust, where a trustee holds bare legal title to the property that is subject to the trust for the benefit of the beneficiary. *In re Filibeck Estate*, 305 Mich App 550; 853 NW2d 448 (2014). In other words, defendant alleged that he gave the items to plaintiff for her safekeeping with the condition that she would title them back to him (or another entity) at his direction. This hardly constitutes an "unconditional delivery" where the right of disposition is wholly beyond defendant's power. Accordingly, plaintiff's argument that defendant failed to state a claim on which relief can be granted is without merit, and plaintiff's motions under MCR 2.116(C)(8) were properly denied. To the extent that plaintiff's version of events differs from

honorable and trustworthy. Each concealed information from the other on more than one occasion." The divorce court went on to list examples, including the transfer of the sailboat and the airplane. Thus, it seems that defendant's motives were known to the divorce court when it made its determinations.

[6] Plaintiff cites MCR 2.116(C)(10) (no genuine issue of material fact) but gives the legal standard for (C)(8) (failure to state a claim).

defendant's, this creates a genuine issue of material fact, and plaintiff's motions pursuant to MCR 2.116(C)(10) were properly denied.

Plaintiff argues that summary disposition and directed verdict should have been granted pursuant to MCR 2.116(C)(9) because there is no defense to plaintiff's action for claim and delivery. An action for claim and delivery was formerly known as an action for replevin. *Whitcraft v Wolfe*, 148 Mich App 40, 44 n 1; 384 NW2d 400 (1985); see also MCR 3.105(A) ("A statutory reference to the action of replevin is to be construed as a reference to the action of claim and delivery."). MCL 600.2920(1) provides that "[a] civil action may be brought to recover possession of any goods or chattels which have been unlawfully taken or unlawfully detained and to recover damages sustained by the unlawful taking or unlawful detention . . . ." Similarly, MCR 3.105(A)(1) provides that "[c]laim and delivery is a civil action to recover . . . possession of goods or chattels which have been unlawfully taken or unlawfully detained[.]" However, MCL 600.2920(1)(c) states that "[a]n action may not be maintained under this section by a person who, at the time the action is commenced, does not have a right to possession of the goods or chattels taken or detained."

Here, defendant asserted that he had a right to possession of the airplane by virtue of the equitable title he held via his agreement with plaintiff. Again, merely because plaintiff's characterization of this arrangement differs, it does not render the asserted defense invalid. Rather, plaintiff's motions under MCR 2.116(C)(9) were properly denied. *Lepp*, 190 Mich App at 730 (a motion under MCR 2.116(C)(9) is properly granted if the defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery").

Plaintiff argues for the first time on appeal that any constructive trust imposed by the trial court should have been limited to arising only between plaintiff and CCS because defendant could not be the settlor. We decline to address this argument because it is not preserved. *Polkton Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005) (generally, an issue is not properly preserved for appellate review if it has not been raised before and decided by the trial court); *City of Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) (alternative grounds are not properly preserved for appeal unless the pertinent argument was presented below). Moreover, plaintiff provides no legal authority for this variation on her argument regarding defendant's standing. *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (where a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned).

Plaintiff next argues on appeal, as she did in her motion for directed verdict, that any oral contract between the parties is unenforceable under the statute of frauds, and alternatively, if the statute of frauds did not render the contract unenforceable, defendant's claim was untimely because the limitations period for his breach of contract claim had expired before he filed his counterclaim.

The statute of frauds[7] does not apply here. Our Supreme Court stated in *Kren v Rubin*, 338 Mich 288, 295; 61 NW2d 9 (1953) (internal quotation marks citation omitted):

> Inasmuch as constructive trusts arise by construction or operation of law and not by agreement or intention, the statute of frauds, and statutes prohibiting parol trusts, have no application to such trusts, and do not prevent the establishment or enforcement thereof, since such statutes are meant to prevent frauds and not to encourage them, and a court of equity will not permit a person to shield himself behind the statute of frauds in order to perpetrate a fraud. So it is frequently said that a constructive trust may be established by parol evidence.

Defendant's counterclaim of breach of contract was timely.[8] The statute of limitations for breach of contract is six years. MCL 600.5807(8). Generally, a breach of contract claim accrues on the date of the breach, *Seyburn, Kahn, Ginn, Bess, Deitch and Serlin, PC v Bakshi*, 483 Mich 345, 355; 771 NW2d 411 (2009). Defendant testified that his agreement with plaintiff was that he would title the items to her with the condition that, on his request, she would convey title back to him or to another entity at his direction. Thus, the breach occurred when plaintiff failed to reconvey title to defendant on his request. Defendant testified this occurred at a lunch meeting in July 2016 after plaintiff expressed that she no longer wanted to hold title to the items, and plaintiff testified that this occurred just before the physical altercation in July 2016. Although the parties disagree on the manner, tone, and circumstances surrounding defendant's request, they agree on the timing—July 2016. Thus, defendant's October 25, 2016 counterclaim was within the six-year limitations period.

Therefore, the trial court did not commit error requiring reversal when it denied plaintiff's motions for summary disposition and directed verdict.

## III. EQUITABLE REMEDIES

---

[7] MCL 566.132 states in pertinent part:

> In the following cases an agreement, contract, or promise is void unless that agreement, contract, or promise, or a note or memorandum of the agreement, contract, or promise is in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise:
>
> (a) An agreement that, by its terms, is not to be performed within 1 year from the making of the agreement.

[8] Notably, MCL 600.5805(9) (Michigan's counterclaim savings statute) permits untimely counterclaims if the counterclaim would have been timely had it been filed when the plaintiff's claim accrued.

Plaintiff next argues that the trial court committed error requiring reversal when it permitted the equitable issues of constructive trust and conditional gift to be considered by the jury without proper instructions. We disagree.

Matters of equity are reviewed do novo on the record on appeal. *Tkachik*, 487 Mich at 44-45. "The granting of equitable relief is ordinarily a matter of grace, and whether a court of equity will exercise its jurisdiction, and the propriety of affording equitable relief, rests in the sound discretion of the court, to be exercised according to the circumstances and exigencies of each particular case." *Id.* at 45 (cleaned up). Additionally, this Court reviews de novo a trial court's decision on a motion for directed verdict. *Diamond*, 265 Mich App at 681. However, this Court reviews for an abuse of discretion "the trial court's determination that a jury instruction is accurate and applicable to the case[.]" *Hill v Hoig*, 258 Mich App 538, 540; 672 NW2d 531 (2003). "Instructional error warrants reversal if the error resulted in such unfair prejudice to the complaining party that the failure to vacate the jury verdict would be inconsistent with substantial justice." *Cox ex rel Cox v Bd of Hosp Managers for City of Flint*, 467 Mich 1, 8; 651 NW2d 356 (2002) (quotation marks and citation omitted).

Plaintiff argues that the issue of "conditional gift" should not have been submitted to the jury because defendant's theory of "conditional gift" was unsupported by Michigan law. In other words, plaintiff appears to argue that she should have received a directed verdict on this issue because Michigan law only recognizes conditional gift in the context of gifts given in expectation of marriage (e.g., engagement rings). Certainly, these are the better known cases. See e.g., *Meyer v Mitnick*, 244 Mich App 697, 703; 625 NW2d 136 (2001) (holding that "an engagement ring given in contemplation of marriage is an impliedly conditional gift that is a completed gift only upon marriage"), *In re Lowe Estate*, 146 Mich App 325; 379 NW2d 485 (1985) (finding that where an engagement terminated by the death of the donee, her estate was entitled to the engagement ring). However, Michigan law has not limited the concept of conditional gifts to only the marriage context. See e.g., *In re Erickson's Estate*, 346 Mich 432; 78 NW2d 256 (1956) (involving a devise to a daughter and son-in-law, made conditional upon the adoption of a child). Accordingly, plaintiff's argument lacks merit.

Plaintiff argues that the constructive trust issue should not have been submitted to the jury, and that any instructions that proposed to allow the jury to decide that equitable issue are invalid and require reversal. However, plaintiff waived this issue.

MCR 2.509(D)(2) provides that in actions where no right to a jury exists, such as equitable actions, the court may, "with the consent of all parties, order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right." Additionally, our Supreme Court has held that where parties consent to a jury trial in equitable actions, the jury is an appropriate factfinder. *McPeak v McPeak*, 457 Mich 311, 315–316; 577 NW2d 670 (1998). However, "[i]t is settled that error requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). A party is not permitted to create an error, "harbor [that] error at trial[,] and then use [it] as an appellate parachute[.]" *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010).

At trial, plaintiff objected to submitting this issue to the jury. Defendant concurred, and

-10-

the trial court ruled that the jury would not receive special instructions on this issue. Despite this favorable ruling, both parties stipulated to the final jury instructions which included a handwritten directive that the jury may only find a breach of fiduciary duty as constructive trustee by clear and convincing evidence. Additionally, both parties consented to having this issue placed on the verdict form, and plaintiff expressly approved of it at trial, calling it "[s]atisfactory." Moreover, the trial court assured the parties that "if [they] [had] legal motions once the trial [was] over, issues of law the [c]ourt can decide." The record is devoid of any motion by plaintiff to have the trial court decide this issue, and thus, it is waived.

## IV. EVIDENTIARY RULINGS

Plaintiff argues that the trial court abused its discretion by admitting irrelevant evidence. We disagree.

This Court reviews a trial court's evidentiary decisions for an abuse of discretion. *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016). A trial court abuses its discretion when it selects an outcome that is outside the range of principled outcomes. *Id*. This Court reviews de novo whether the trial court properly interpreted and applied the rules of evidence to the facts. *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007).

Plaintiff's brief contains a laundry list of 36 overruled objections and denied motions that were all purportedly in error. Plaintiff's merely labels each piece of evidence as "irrelevant" or "improper" and utterly fails to substantiate these assertions with any form of argument. "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [plaintiff her] arguments, and then search for authority either to sustain or reject [her] position.' " *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). A party also may not give issues cursory treatment with little or no citation to supporting authority. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984); *Silver Creek Twp v Corso*, 246 Mich App 94, 99; 631 NW2d 346 (2001). Plaintiff's "failure to properly address the merits of [her] assertion of error constitutes abandonment of the issue." *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003), citing *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Accordingly, this argument is abandoned.

## V. CONCLUSION

Affirmed.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron

-11-